**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| IN RE:<br><br>SAM G. DICKSON, *et al.,*<br><br>    Debtors. | Case No. 14-29781-LMI<br>(jointly administered)<br><br>Chapter 11 |

# <u>DEBTORS' FIRST AMENDED<br>JOINT PLAN OF REORGANIZATION</u>

Michael D. Seese
SEESE, P.A.
Attorneys for Debtors
101 N.E. 3rd Avenue
Suite 410
Ft. Lauderdale, FL 33301
Telephone:  954-745-5897

Dated:  December 29, 2015
        Ft. Lauderdale, Florida

## JOINT PLAN OF REORGANIZATION
## <u>UNDER CHAPTER 11 OF THE BANKRUPTCY CODE</u>

Sam G. Dickson, an individual, and Hickory Hill 1185, LLC, a Florida limited liability company, propose the following First Amended Joint Plan of Reorganization under section 1121(a) of the Code:

## ARTICLE I

## <u>DEFINITIONS</u>

As used in this Plan, the following terms shall have the respective meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms defined unless the context requires otherwise.

*"Actions"* shall mean all actions that a trustee or debtor-in-possession is empowered to bring pursuant to the Code, including, without limitation, any cause of action, lawsuit, adversary proceeding, contested matter, claim objection, Avoidance Action, or right of either of the Debtors or the Estate against any Person.

*"Administrative Claim"* shall mean a claim for payment of an administrative expense under section 503 of the Code that is entitled to priority under section 507(a)(2) of the Code and any fees or charges assessed against the Estate pursuant to 28 U.S.C. § 1930.

*"Administrative Claimant"* shall mean the holder of an Administrative Claim.

*"Administrative Claims Bar Deadline"* shall mean the deadline which may be established by order of the Court for filing Administrative Claims (other than Professional Fee Expense Claims).

*"Affiliate"* shall mean with respect to any Person, any other Persons that would fall within the definition assigned to such term in section 101(2) of the Code, if such Person was a debtor in a case under the Code.

*"Allowed Amount"* shall mean with respect to a Claim, (a) the amount of a Claim that was listed in the Schedules as not being disputed, contingent or unliquidated, if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, or (b) if a holder of a Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to 3003(c)(3) of the Rules:  (i) the amount stated in such proof of claim or in the Schedules if no objection to such proof of claim or amount listed in the Schedules has been interposed within the applicable period of limitation fixed by the Code or Rules, or as otherwise fixed by the Court, or (ii) such amount as shall be fixed by an order of the Court which has become a Final Order, if an objection has been interposed within the applicable period of limitation fixed by the Code, the Rules, or the Court, or (c) with respect to a Fee Request, such amount as shall be fixed by an order of the Court which has become a Final Order.  In no event shall the Allowed Amount of any Priority Claim or Unsecured Claim include interest accrued on such Claim after the Filing Date.

2

"*Allowed Claim*" shall mean any Claim which is not a Disputed Claim, or if timely disputed, which has been allowed by Final Order of the Court.

"*Allowed Interest*" shall mean any Membership Interest in Hickory Hill which has not been timely disputed, or if timely disputed, which has been allowed by Final Order of the Court.

"*Article*" shall mean one of the numbered Articles of the Plan.

"*Assets*" shall mean all of the right, title, and interest of (a) Dickson in and to Property of the Dickson Estate, and (b) Hickory Hill in and to Property of the Hickory Hill Estate, in each case whether tangible or intangible.

"*Assumed Contract*" shall mean an Executory Contract (as modified or amended pursuant to the Plan, prior order of the Court, or by agreement of the parties) that is assumed by either of the Debtors pursuant to the Plan.

"*Avoidance Actions*" shall mean the Actions pursuant to Chapter 5 of the Code, including, without limitation, rights to recover property or money pursuant to sections 542-553 of the Code.

"*Ballot*" shall mean the ballot accompanying the Disclosure Statement upon which holders of Claims and Interests in each Impaired Class of Claims and Interests that are entitled to vote on the Plan shall indicate their acceptance or rejection of the Plan and, if applicable, such other elections as may be made thereon are to be indicated.

"*Ballot Deadline*" shall mean the last day established by order of the Court for filing a Ballot with the Clerk of the Court.

"*Business Day*" shall mean a day other than a Saturday, a Sunday, or a day on which commercial banks in Miami, Florida are authorized or required to close.

"*Case*" shall mean the jointly administered Chapter 11 bankruptcy proceeding, case styled *In re: Sam G. Dickson, et al.,* Case No. 14-29781-LMI pending before the Court.

"*Cash*" shall mean legal tender of the United States of America.

"*Claim*" shall mean (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; or (c) without limiting the generality of the foregoing, all Administrative Claims, Priority Claims, Secured Claims, and Unsecured Claims.

"*Class*" shall mean a group of Claims or Interests classified together pursuant to Article IV of the Plan.

"*Class 1*" shall mean the Other Priority Claims against Mr. Dickson, as described, classified and treated in Section 4.01 of this Plan.

"*Class 2*" shall mean the Other Priority Claims against Hickory Hill, as described, classified and treated in Section 4.02 of this Plan.

"*Class 3*" shall mean the Secured Claim of U.S. Bank, National Association, as Legal Tittle Trustee for Truman 2012 SC2 Title Trust against Mr. Dickson, as described, classified and treated in Section 4.03 of this Plan.

"*Class 4*" shall mean the Secured Claim of Nationstar Mortgage, LLC against Mr. Dickson, as described, classified and treated in Section 4.04 of this Plan.

"*Class 5*" shall mean the Secured Claim of Ocwen Loan Servicing, LLC against Mr. Dickson, as servicer for The Bank of New York Mellon Trust Company, National Association, as described, classified and treated in Section 4.05 of this Plan.

"*Class 6*" shall mean the Secured Claim of Guaranty Bank against Hickory Hill, as described, classified and treated in Section 4.06 of this Plan.

"*Class 7*" shall mean the Secured Claim of Guaranty Bank against Mr. Dickson, as described, classified and treated in Section 4.07 of this Plan.

"*Class 8*" shall mean the Secured Claim of BSI, as servicer for Bank of America, N.A. against Mr. Dickson, as described, classified and treated in Section 4.08 of this Plan.

"*Class 9*" shall mean the Secured Claim of GSRAN-Z, LLC against Hickory Hill, as described, classified and treated in Section 4.09 of this Plan.

"*Class 10*" shall mean the Secured Claim of GSRAN-Z, LLC against Hickory Hill, as described, classified and treated in Section 4.10 of this Plan.

"*Class 11*" shall mean the Secured Claim of Marathon Investment Corporation against Hickory Hill, as described, classified and treated in Section 4.11 of this Plan.

"*Class 12*" shall mean the Secured Claim of Marathon Investment Corporation against Hickory Hill, as described, classified and treated in Section 4.12 of this Plan.

"*Class 13*" shall mean the Secured Claim of Southern Tax Capital, LLC against Hickory Hill, as described, classified and treated in Section 4.13 of this Plan.

"*Class 14* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.14 of this Plan.

"*Class 15*" shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.15 of this Plan.

18471849v1 903970 71604

*"**Class 16**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.16 of this Plan.

*"**Class 17**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.17 of this Plan.

*"**Class 18**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.18 of this Plan.

*"**Class 19**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.19 of this Plan.

*"**Class 20**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.20 of this Plan.

*"**Class 21**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.21 of this Plan.

*"**Class 22**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.22 of this Plan.

*"**Class 23**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.23 of this Plan.

*"**Class 24**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.24 of this Plan.

*"**Class 25**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.25 of this Plan.

*"**Class 26**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.26 of this Plan.

*"**Class 27**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.27 of this Plan.

*"**Class 28**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.28 of this Plan.

*"**Class 29**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.29 of this Plan.

*"**Class 30**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Hickory Hill, as described, classified and treated in Section 4.30 of this Plan.

*"**Class 31**"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.31 of this Plan.

18471849v1 903970 71604

*"Class 32"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.32 of this Plan.

*"Class 33"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.33 of this Plan.

*"Class 34"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.34 of this Plan.

*"Class 35"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.35 of this Plan.

*"Class 36"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.36 of this Plan.

*"Class 37"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.37 of this Plan.

*"Class 38"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.38 of this Plan.

*"Class 39"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.39 of this Plan.

*"Class 40"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.40 of this Plan.

*"Class 41"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.41 of this Plan.

*"Class 42"* shall mean the Secured Claim of Fulton County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.42 of this Plan.

*"Class 43"* shall mean the Secured Claim of Macon County Tax Collector against Hickory Hill, as described, classified and treated in Section 4.43 of this Plan.

*"Class 44"* shall mean the Secured Claim of Monroe County Tax Collector (Real Estate Taxes) against Mr. Dickson, as described, classified and treated in Section 4.44 of this Plan.

*"Class 45"* shall mean the Secured Claim of Monroe County Tax Collector (Tourist Development Taxes) against Mr. Dickson, as described, classified and treated in Section 4.45 of this Plan.

*"Class 46"* shall mean the Secured Claim of Dekalb County Tax Commissioner against Mr. Dickson, as described, classified and treated in Section 4.46 of this Plan.

*"Class 47"* shall mean the Secured Claim of Katrina Alding against Hickory Hill, as described, classified and treated in Section 4.47 of this Plan.

18471849v1 903970 71604

"***Class 48***" shall mean the Other Secured Claims against Mr. Dickson, as described, classified and treated in Section 4.48 of this Plan.

"***Class 49***" shall mean the Other Secured Claims against Hickory Hill, as described, classified and treated in Section 4.49 of this Plan.

"***Class 50***" shall mean the Allowed Unsecured Claims against Mr. Dickson, as described, classified and treated in Section 4.50 of this Plan.

"***Class 51***" shall mean the Allowed Unsecured Claims against Hickory Hill, as described, classified and treated in Section 4.51 of this Plan.

"***Class 52***" shall mean the Allowed Unsecured Claim of Nationstar Mortgage, LLC against Hickory Hill, as described, classified and treated in Section 4.52 of this Plan.

"***Class 53***" shall mean the Allowed Membership Interests in Hickory Hill, as described, classified and treated in Section 4.53 of this Plan.

"***Code***" shall mean the Bankruptcy Code, 11 U.S.C. §§ 101 et. seq.

"***Collateral***" shall mean any property or interest in Property of the respective Estate of the Debtors subject to a Lien to secure the payment or performance of a Claim, which Lien is not subject to avoidance under the Code or otherwise is invalid under the Code or applicable state law.

"***Confirmation***" shall mean the entry by the Court of the Confirmation Order.

"***Confirmation Date***" shall mean the date on which the Clerk of the Court enters the Confirmation Order on the Docket.

"***Confirmation Hearing***" shall mean a hearing held by the Court to consider Confirmation of the Plan pursuant to section 1128 of the Code.

"***Confirmation Order***" shall mean the order entered by the Court confirming the Plan, which shall contain such provisions as the Proponents desire and shall otherwise be in a form and substance satisfactory to the Proponents.

"***Court***" shall mean the United States Bankruptcy Court for the Southern District of Florida, including any Bankruptcy Judge thereof, and any court having competent jurisdiction to hear appeals from the Bankruptcy Judges thereof.

"***Creditor***" shall mean any Person holding a Claim or Interest, including Administrative Claimants and Claims of the kind specified in sections 502(b), 502(h), and 502(i) of the Code, and such Person's heirs, successors, assigns, executors, and personal representatives.

"***Debtors***" or "***Debtors-in-Possession***" shall mean, collectively, Mr. Dickson, individually, and Hickory Hill. Any reference to the "Debtors" shall also include the Debtors in their capacity as debtors-in-possession in the Case, and vice-versa.

***"Dickson Actions"*** shall mean the Actions in the Dickson Estate.

***"Dickson Bar Date"*** shall mean December 29, 2014, the last date for creditors and holders of Interests to have filed proofs of Claims or Interests in the Dickson Case.

***"Dickson Case"*** shall mean the Chapter 11 case pending on behalf of Sam G. Dickson, case styled *In re: Sam G. Dickson,* Case No. 14-29781-BKC-LMI, pending before the Court.

***"Dickson Estate"*** shall mean the Estate in the Dickson Case.

***"Dickson Filing Date"*** shall mean September 2, 2014, the date on which Mr. Dickson commenced the Dickson Case, by filing a voluntary petition under Chapter 11 of the Code.

***"Dickson Petition Date"*** shall mean the Dickson Filing Date.

***"Disclosure Statement"*** shall mean the First Amended Disclosure Statement for Debtors' First Amended Joint Plan of Reorganization filed by the Proponents in connection with the Plan and approved by the Court for submission to Creditors as the same may be amended from time to time.

***"Disputed Amount"*** shall mean with respect to a particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Claim and the amount, if any, of such Claim which the party objecting thereto concedes.

***"Disputed Claim"*** shall mean any Claim for which an Allowed Amount has not yet been determined, and with respect to which an objection has been interposed pursuant to Section 5.05 of this Plan or otherwise, or such other dates as may be fixed by the Court and which objection has not been withdrawn or determined by a Final Order, or which is listed on the Schedules as disputed, contingent or unliquidated.

***"Disputed Claims Reserve"*** shall have the meaning set forth in Section 5.04(a) of the Plan.

***"Disputed Interest"*** shall mean any Interest which has not yet been allowed and with respect to which an objection has been interposed on or prior to the Confirmation Date or such other date fixed by the Court and which objection has not been withdrawn or determined by a Final Order, or which is listed on the Schedules as disputed, contingent or unliquidated.

***"Distribution"*** shall mean funds to be paid to holders of Claims pursuant to Article II, Article IV and Article V of the Plan.

***"Distribution Date"*** shall mean the dates upon which Distributions may be made pursuant to Article V of the Plan.

***"Docket"*** shall mean the dockets maintained in the Case, the Dickson Case and the Hickory Hill Case by the Clerk of the Court.

18471849v1  903970  71604

"***Effective Date***" shall mean the date upon which the last of the conditions precedent to the occurrence of the Effective Date set forth in Section 8.02 of the Plan occurs.

"***Estate***" shall mean the Estates created in the Dickson Case or the Hickory Hill Case pursuant to section 541 of the Code.

"***Executory Contract***" shall mean a contract or unexpired lease to which either of the Debtors is a party and that is executory within the meaning of section 365 of the Code.

"***Face Amount***" shall mean with respect to a particular Claim, (a) if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount of such Claim that was listed in the Schedules as not disputed, contingent or unliquidated; or (b) if the holder of such Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount stated in such proof of claim, or (c) with respect to a Fee Request, the net amount to which the applicant would be entitled if its application were to be granted in full.

"***Fee Request***" shall mean an application or request for payment by the Estate of fees, compensation for services rendered or reimbursement of expenses, pursuant to Rule 2016 of the Rules or other applicable provision of the Code or the Rules.

"***Final Order***" shall mean an order or judgment of the Court as entered on the Docket that has not been reversed, stayed, modified, or amended, and respecting which the time to appeal, petition for certiorari or seek reargument, review or rehearing has expired, and as to which no appeal, reargument, petition for certiorari, review or rehearing is pending, or as to which any right to appeal, reargue, petition for certiorari or seek review or rehearing has been waived in writing in a manner satisfactory to the Proponents, or, if any appeal, reargument, petition for certiorari, review or rehearing thereof has been denied, the time to take further appeal or to seek certiorari or further rehearing, review or reargument has expired.  If any provision of the Plan requires the entry of a Final Order as a condition to the occurrence or performance of an act, the Proponent may waive such requirement in accordance with the Plan.

"***Hickory Hill***" shall mean Hickory Hill 1185, LLC, the debtor in the Hickory Hill Case.

"***Hickory Hill Actions***" shall mean the Actions in the Hickory Hill Estate.

"***Hickory Hill Bar Date***" shall mean  July 7, 2015, the last date for creditors and holders of Interests to have filed proofs of Claims or Interests in the Hickory Hill Case.

"***Hickory Hill Case***" shall mean the Chapter 11 case pending on behalf of Hickory Hill, case styled *In re:  Hickory Hill 1185, LLC,* Case No. 15-13854-BKC-LMI, pending before the Court.

"***Hickory Hill Estate***" shall mean the Estate in the Hickory Hill Case.

"***Hickory Hill Filing Date***" shall mean March 2, 2015, the date on which Hickory Hill commenced the Hickory Hill Case, by filing a voluntary petition under Chapter 11 of the Code.

***"Hickory Hill Petition Date"*** shall mean the Hickory Hill Filing Date.

***"Impaired"*** shall mean an Allowed Claim or Interest that is Impaired within the meaning of section 1124 of the Code.

***"Insider(s)"*** shall mean those Persons defined in section 101(31)(C) of the Code.

***"Interest"*** shall mean any Membership Interest in Hickory Hill.

***"Late Filed Claim"*** shall mean a Claim filed after the Dickson Bar Date or Hickory Hill Bar Date, as applicable.

***"Lien"*** shall mean a charge against or interest in any item of Property of the Dickson Estate or the Hickory Hill Estate to secure payment of a debt or performance of an obligation.

***"Membership Interest"*** shall mean any ownership or member interest in Hickory Hill, including without limitation, membership interests or other rights to purchase any ownership or membership interest in Hickory Hill.

***"Mr. Dickson"*** shall mean Sam G. Dickson, the debtor in the Dickson Case.

***"Net Proceeds"*** shall mean the amount remaining from recoveries in Actions less attorneys' fees, costs and related expenses.

***"Other Priority Claims (Mr. Dickson)"*** shall mean a Claim (other than an Administrative, Secured Tax Claim, or Priority Tax Claim) against Mr. Dickson that is entitled to priority under section 507 of the Code.

***"Other Priority Claims (Hickory Hill)"*** shall mean a Claim (other than an Administrative Claim, Secured Tax Claim, or Priority Tax Claim) against Hickory Hill that is entitled to priority under section 507 of the Code.

***"Other Secured Claims (Mr. Dickson)"*** shall mean Secured Claims against Mr. Dickson other than the Class 3-5, 7-8, 31-42 and 44-46 Claims.

***"Other Secured Claims (Hickory Hill)"*** shall mean Secured Claims against Hickory Hill other than the Class 6, 9-30, 43 and 47 Claims.

***"Person"*** shall mean any individual, sole proprietorship, partnership (general or limited), joint venture, trust, unincorporated organization, association, corporation, institution, entity, or government (whether federal, state, county, city, municipal or otherwise, including, without limitation, any instrumentality, division, agency, body, political subdivision or department thereof).

***"Plan"*** shall mean this First Amended Joint Plan of Reorganization in the present form or as it may be modified, amended, or supplemented from time to time.

18471849v1  903970  71604

*"**Post-Confirmation Administrative Claim**"* shall mean a Claim for services rendered or expenses incurred after the Confirmation Date in connection with the Case.

*"**Post-Petition Interest**"* shall mean all interest accrued but unpaid after the Petition Date that is awarded by the Court on account of any Allowed Claim, which shall be calculated based upon the rate set forth in any contract (including any default rate, if applicable and authorized under the Code) evidencing the Claim and, if no such rate is set forth therein, then the legal rate of interest, which for purposes of this Plan shall mean the federal judgment rate of interest in effect on the Effective Date.

*"**Pre-Petition**"* shall mean prior to the Dickson Filing Date or the Hickory Hill Filing Date, as applicable.

*"**Priority Claims**"* shall mean a Claim (other than an Administrative Claim, Secured Tax Claim, or Priority Tax Claim) that is entitled to priority under section 507(a) of the Code.

*"**Priority Tax Claim**"* shall mean a Claim (other than an Administrative Claim, Secured Tax Claim, or Priority Claim) that is entitled to priority under section 507(a)(8) of the Code.

*"**Pro Rata**"* shall mean proportionately, so that the ratio of the amount of consideration distributed to an account of a particular Allowed Claim to the Allowed Amount of such Claim is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims of the Class in which the particular Claim is included to the amount of all Allowed Claims of that Class, unless otherwise defined in the Plan.  Whenever a Disputed Claim has not been finally resolved, an appropriate reserve for payment of such Disputed Claim shall be established so that there will be sufficient consideration available to make a Pro Rata Distribution to the holder of such Disputed Claim upon final resolution of the dispute.

*"**Professional**"* shall mean any professional employed in this Case pursuant to sections 327, 328 or 1103 of the Code or otherwise pursuant to an order of the Court.

*"**Property of the Dickson Estate**"* shall mean the property of the Dickson Estate as defined in section 541 of the Code.

*"**Property of the Hickory Hill Estate**"* shall mean the property of the Hickory Hill Estate as defined in section 541 of the Code.

*"**Proponents**"* shall mean the Debtors.

*"**Rejected Contract**"* shall mean an Executory Contract that is rejected at any time during this Case or pursuant to Article VI of the Plan.

*"**Rejection Claim**"* shall mean a Claim arising under section 502(g) of the Code in its Allowed Amount.

*"**Rules**"* shall mean the Federal Rules of Bankruptcy Procedure.

18471849v1  903970  71604

*"Schedules"* shall mean the Schedules of assets and liabilities originally filed by each of the Debtors with the Court and as the same may be amended from time to time by the Debtors.

*"Section"* shall mean a numbered subsection of any Article of the Plan.

*"Secured Claim"* shall mean a Claim secured by a Lien on property in which the Estate has an interest or that is subject to set-off under section 553 of the Code to the extent of the value of the interest attributable to such Claim in the Estate's interest in such property or to the extent of the amount subject to set-off.

*"Secured Creditor"* shall mean the holder of a Secured Claim.

*"Secured Tax Claims"* shall mean ad valorem taxes assessed against the real property owned by Mr. Dickson or Hickory Hill in the ordinary course of their business.

"*Substantial Consummation*" shall mean that the Plan shall be deemed to be substantially consummated in accordance with sections 1101 and 1127(b) of the Code.

*"Unimpaired"* shall mean an Allowed Claim or Allowed Interest that is <u>not</u> Impaired within the meaning of section 1124 of the Code.

*"Unsecured Claim"* shall mean a Claim other than a Secured Claim, a Priority Claim, a Priority Tax Claim, or an Administrative Claim.

*"Unsecured Creditor"* shall mean the holder of an Unsecured Claim.

*"Rules of Construction and Interpretation"*

The following rules of construction shall be applicable for all purposes of the Plan unless the context clearly requires otherwise:

(a)    The terms "include," "including," and similar terms shall be construed as if followed by the phrase "without being limited to."

(b)    Words of masculine, feminine, or neutral gender shall mean and include the correlative words of the other genders, and words importing the singular number shall mean and include the plural number, and vice-versa.

(c)    All article, section, and exhibit or appendix captions are used for convenience and reference only, and in way define, limit, or describe the scope or intent of, or in any way affect, any such article, section, exhibit, or appendix.

12

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS:
## ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS
## AND UNITED STATES TRUSTEE'S FEES

The following Administrative Claims, Priority Tax Claims and United States Trustee's Fees are unclassified under the Plan and will be treated as follows:

### 2.01.    Allowed Administrative Claims.

Administrative Claims are Claims constituting a cost or expense of the administration of the Case allowed under sections 503(b) and 507(a)(2) of the Code.  Such Claims include any actual and necessary costs and expenses of preserving the Estate, the Dickson Estate or the Hickory Hill Estate, any actual and necessary costs and expenses of operating the businesses of the Debtors in Possession, any indebtedness or obligations incurred or assumed by the Debtors in Possession in connection with the conduct of their businesses, all compensation and reimbursement of expenses to the extent allowed by the Court under section 330, 331 or 503 of the Code, all costs associated with the cure of any executory contracts and unexpired leases between the Debtors and any Person, and any fees or charges assessed against the Estate under section 1930 of title 28 of the United States Code.

Except as otherwise provided herein, and except to the extent that any entity entitled to payment of any Allowed Administrative Claim agrees to a different treatment, each holder of an Allowed Administrative Claim shall receive Cash in an amount equal to such Allowed Administrative Claim on the later of the Effective Date and the date such Administrative Claim becomes an Allowed Administrative Claim by Final Order, or as soon thereafter as is reasonably practicable.

### A.    Ordinary Course Claims

Allowed Administrative Claims representing liabilities incurred by the Debtors in the ordinary course of their businesses shall be paid in full and performed by the Reorganized Debtors in the ordinary course of business consistent with past practices and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to such transactions.  Ordinary course Administrative Claims include real estate taxes owed for 2015 in connection with real estate that is Property of the Dickson Estate.

### B.    Professional Fee and Expense Claims

Compensation of Professionals and reimbursement of expense incurred by Professionals are Administrative Claims pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4) and 503(b)(5) of the Code (the Professional Fee and Expense Claims").  All payments to Professionals for Professional Fee and Expense Claims will be made in accordance with the procedures established by the Code, the Rules and the Court relating to the payment of interim and final compensation for services rendered and reimbursement of expenses.  The Court will review and

13

determine all applications for compensation for services rendered and reimbursement of expenses.

All entities seeking an award by the Court of Professional Fee and Expense Claims shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date pursuant to section 330 of the Code and Rule 2016 by the date fixed by the Court.

The time for filing objections to applications for allowance and payment of Professional Fee and Expense Claims, and the date and time for a hearing in respect of such applications and the related objections, if any, shall be set by order of the Court.

### 2.02.    Priority Tax Claims

Except to the extent that a holder of an Allowed Priority Tax Claim under section 507(a)(8) of the Code has been paid by the Debtors prior to the Effective Date or agrees to a different treatment, each holder of an Allowed Priority Tax Claim shall receive deferred Cash payments over a period not to exceed five years following the Petition Date equal to the amount of the Allowed Priority Tax Claims as of the Effective Date of the Plan.  Allowed Priority Tax Claims owed to governmental units (excluding holders of tax certificates) shall be paid interest consistent with section 511 of the Code. Priority Tax Claims exclude Administrative Claims for unpaid real estate taxes owed for 2015 with respect to real estate comprising Property of the Dickson Estate.

### 2.03.    United States Trustee's Fees.

The Reorganized Debtors shall pay the United States Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6) through Confirmation on the Effective Date.    The Reorganized Debtors shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time periods set forth in 28 U.S.C. §1930(a)(6), until the earlier of the closing of the Dickson Case and Hickory Hill Case by the issuance of a Final Decree by the Court, upon the entry of an order of this Court dismissing the Case, or upon entry of an order converting the Case to another chapter under the Code, and the Reorganized Debtors shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating disbursement for the relevant periods.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

For purposes of this Plan, Claims against the Debtors, and Interests in Hickory Hill, ebtor shall be classified as follows:

| Class | Description | Status | Voting Status |
|---|---|---|---|

18471849v1 903970 71604

| Class 1 | Allowed Other Priority Claims (Dickson) | Unimpaired | No. Deemed to Accept |
|---|---|---|---|
| Class 2 | Allowed Other Priority Claims (Hickory Hill) | Unimpaired | No. Deemed to Accept |
| Class 3 | Allowed Secured Claim of U.S. Bank, National Association, as Legal Title Trustee for Truman 2012 SC2 Title Trust (518-522 Rear Margaret Street) | Impaired | Yes |
| Class 4 | Allowed Secured Claim of Nationstar Mortgage, LLC (1185 Hickory Hill Rd) | Impaired | Yes |
| Class 5 | Allowed Secured Claim of Ocwen Loan Servicing, LLC (servicer for The Bank of New York Mellon Trust Company, National Association) (1128 Margaret Street) | Impaired | Yes |
| Class 6 | Allowed Secured Claim of Guaranty Bank (115-121 Ridgeland Way) | Impaired | Yes |
| Class 7 | Allowed Secured Claim of Guaranty Bank (522 Margaret Street) | Impaired | Yes |
| Class 8 | Allowed Secured Claim of BSI (servicer for Bank of America, N.A.) (1124-1126 Margaret Street) | Impaired | Yes |
| Class 9 | Allowed Secured Claim of GSRAN-Z, LLC (1024 Donnelly Ave) | Impaired | Yes |
| Class 10 | Allowed Secured Claim of GSRN-Z, LLC (115-121 Ridgeland Way) | Impaired | Yes |
| Class 11 | Allowed Secured Claim of Marathon Investment Corp (0 Richmond St NE) | Impaired | Yes |
| Class 12 | Allowed Secured Claim of Marathon Investment Corp (0 Rhodesia Ave SE) | Impaired | Yes |
| Class 13 | Allowed Secured Claim of Souther Tax Capital, LLC (139 Rhodesia Ave SE) | Impaired | Yes |
| Class 14 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Richmond St SE) | Impaired | Yes |
| Class 15 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Richmond St SE) | Impaired | Yes |
| Class 16 | Allowed Secured Claim of Fulton County Tax Commissioner (0 McDonough Blvd. SE) | Impaired | Yes |
| Class 17 | Allowed Secured Claim of Fulton | Impaired | Yes |

18471849v1 903970 71604

| | County Tax Commissioner (0 Rhodesia Ave SE) | | |
|---|---|---|---|
| Class 18 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rhodesia Ave SE) | Impaired | Yes |
| Class 19 | Allowed Secured Claim of Fulton County Tax Commissioner (139 Rhodesia Ave SE) | Impaired | Yes |
| Class 20 | Allowed Secured Claim of Fulton County Tax Commissioner (1445 Parsons Street SE) | Impaired | Yes |
| Class 21 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rhodesia Ave SE) | Impaired | Yes |
| Class 22 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rhodesia Ave SE) | Impaired | Yes |
| Class 23 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rhodesia Ave SE) | Impaired | Yes |
| Class 24 | Allowed Secured Claim of Fulton County Tax Commissioner (201 Claire Street SE) | Impaired | Yes |
| Class 25 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Withers Place SW) | Impaired | Yes |
| Class 26 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Windsor Street SW) | Impaired | Yes |
| Class 27 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Cooper Street SW) | Impaired | Yes |
| Class 28 | Allowed Secured Claim of Fulton County Tax Commissioner (1024 Donnelly Ave SW) | Impaired | Yes |
| Class 29 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rosewood Dr NE) | Impaired | Yes |
| Class 30 | Allowed Secured Claim of Fulton County Tax Commissioner (115-121 Ridgeland Way) | Impaired | Yes |
| Class 31 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Ormond St SE) | Impaired | Yes |
| Class 32 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Hill St | Impaired | Yes |

18471849v1 903970 71604

| | | | |
|---|---|---|---|
| | SE) | | |
| Class 33 | Allowed Secured Claim of Fulton County Tax Commissioner (208 Claire Drive SE) | Impaired | Yes |
| Class 34 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Harper Road SE) | Impaired | Yes |
| Class 35 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Greenwood St SW) | Impaired | Yes |
| Class 36 | Allowed Secured Claim of Fulton County Tax Commissioner (100 Dahlia Ave NW) | Impaired | Yes |
| Class 37 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Rosewood Dr NE) | Impaired | Yes |
| Class 38 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Richmond St SE) Allowed Secured Claim of Fulton County Tax Commissioner (0 Orm Circle NE # Rear) | Impaired | Yes |
| Class 39 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Olive St) | Impaired | Yes |
| Class 40 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Olive St) | Impaired | Yes |
| Class 41 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Juniper St) | Impaired | Yes |
| Class 42 | Allowed Secured Claim of Fulton County Tax Commissioner (0 Juniper St) | Impaired | Yes |
| Class 43 | Allowed Secured Claim of Macon County Tax Collector (1185 Hickory Hill Road) | Impaired | Yes |
| Class 44 | Allowed Secured Claim of Monroe County Tax Collector (Real Estate Taxes; 1128 Margaret S) | Impaired | Yes |
| Class 45 | Allowed Secured Claim of Monroe County Tax Collector (Tourist Development Taxes) | Impaired | Yes |
| Class 46 | Allowed Secured Claim of Dekalb County Tax Commissioner | Impaired | Yes |
| Class 47 | Allowed Secured Claim of Katrina | Impaired | Yes |

18471849v1 903970 71604

| | Anding | | |
|---|---|---|---|
| Class 48 | Allowed Other Secured Claims (Dickson) | Unimpaired | No.  Deemed to Accept |
| Class 49 | Allowed Other Secured Claims (Hickory Hill) | Unimpaired | No.  Deemed to Accept |
| Class 50 | Allowed Unsecured Claims (Dickson) | Impaired | Yes |
| Class 51 | Allowed Unsecured Claim/s (Hickory Hill) | Impaired | Yes |
| Class 52 | Allowed Unsecured Claim of Nationstar Mortgage, LLC | Impaired | Yes |
| Class 53 | Allowed Membership Interests (Hickory Hill) | Impaired | Yes |

## ARTICLE IV

## TREATMENT OF CLASSIFIED CLAIMS AND PARTNERSHIP INTERESTS

### 4.01.    Class 1.  Allowed Other Priority Claims (Dickson)

(a)    Description.  Class 1 consists of the Allowed Other Priority Claims against Dickson that are entitled to priority in accordance with section 507(a) of the Code (other than Administrative Claims, Secured Tax Claims and Priority Tax Claims).

(b)    Treatment.  Each holder of an Allowed Class 1 Claim shall receive, in full satisfaction, release and exchange for such Claim, Cash in an amount equal to the amount of such Allowed Other Priority Claim in accordance with section 1129(a)(9) of the Code on the later of the Effective Date or the date such Claim becomes an Allowed Class 1 Claim, or as soon thereafter as is reasonably practicable.

(c)    Impairment.  The Class 1 Claims are Unimpaired.

### 4.02.    Class 2.  Allowed Other Priority Claims (Hickory Hill)

(a)    Description.  Class 2 consists of the Allowed Other Priority Claims against Hickory Hill that are entitled to priority in accordance with section 507(a) of the Code (other than Administrative Claims, Secured Tax Claims and Priority Tax Claims).

(b)    Treatment.  Each holder of an Allowed Class 2 Claim shall receive, in full satisfaction, release and exchange for such Claim, Cash in an amount equal to the amount of such Allowed Other Priority Claim in accordance with section 1129(a)(9) of the Code on the later of the Effective Date or the date such Claim becomes an Allowed Class 2 Claim, or as soon thereafter as is reasonably practicable.

(c)    Impairment.  The Class 2 Claims are Unimpaired.

18471849v1  903970  71604

**4.03.    Class 3.  Allowed Secured Claim of U.S. Bank, National Association, as Legal Title Trustee for Truman 2012 SC2 Title Trust (Mr. Dickson)**

(a)    <u>Description</u>. Class 3 consists of the Allowed Secured Claim held by U.S. Bank, National Association, as Legal Title Trustee for Truman 2012 SC2 Title Trust, which is secured by a Lien against real property located at 518-522 Rear Margaret Street, Key West, Florida.

(b)    <u>Treatment</u>.  The Allowed Class 3 Claim shall be amortized over twenty (20) years using an interest rate of five percent (5%) per annum.  The holder of the Allowed Class 3 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 3 Claim by Final Order, and each month thereafter until paid in full.  The holder of the Allowed Class 3 Claim shall retain the Lien securing the Allowed Class 3 Claim.

(c)    <u>Impairment</u>.  The Class 3 Claim is Impaired.

**4.04.    Class 4.  Allowed Secured Claim of Nationstar Mortgage, LLC (Mr. Dickson)**

(a)    <u>Description</u>. Class 4 consists of the Allowed Secured Claim held by Nationstar Mortgage, LLC that is secured by a Lien against a vacant parcel located at 1185 Hickory Hill Road, Highlands, North Carolina.  Nationstar Mortgage, LLC and the Debtors are parties to litigation pending in North Carolina in which Nationstar Mortgage, LLC seeks reformation of a mortgage currently recorded with respect to the vacant lot.  Specifically, Nationstar Mortgage, LLC seeks to extend the mortgage Lien to the adjoining lot on which a cottage is located.

(b)    <u>Treatment</u>.   In consideration for Nationstar Mortgage, LLC's voting in favor of the Plan, the Debtors agree to resolve the pending litigation by agreeing that the Lien recorded in favor of Nationstar Mortgage, LLC against the vacant lot shall encumber both lots, i.e., the vacant lot and the adjoining lot on which the cottage is located.   Thereafter, the Allowed Class 4 Claim shall be amortized over twenty (20) years using an interest rate of five percent (5%) per annum.   The holder of the Allowed Class 4 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 4 Claim by Final Order, and each month thereafter until paid in full.  The holder of the Allowed Class 4 Claim shall retain the Lien, as extended to both lots located at 1185 Hickory Hill Road, Highlands North Carolina, in order to secure the Allowed Class 4 Claim.

(c)    <u>Impairment</u>.  The Class 4 Claim is Impaired.

**4.05.    Class 5.  Allowed Secured Claim of Ocwen Loan Servicing, LLC, as servicer for The Bank of New York Mellon Trust Company, National Association (Mr. Dickson)**

(a)    <u>Description</u>. Class 5 consists of the Allowed Secured Claim held by Ocwen Loan Servicing, LLC, as servicer for The Bank of New York Mellon Trust Company, National Association that is secured by Lien against property located at 1128 Margaret Street, Key West, Florida.

18471849v1  903970  71604

(b)      <u>Treatment</u>.  The Allowed Class 5 Claim shall be amortized over twenty (20) years using an interest rate of five percent and one-quarter percent (5.25%) per annum.   The holder of the Allowed Class 5 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 5 Claim by Final Order, and each month thereafter until paid in full.  The holder of the Allowed Class 5 Claim shall retain the Lien securing the Allowed Class 5 Claim.

(c)      <u>Impairment</u>.  The Class 5 Claim is Impaired.

**4.06.    Class 6.  Allowed Secured Claim of Guaranty Bank (Hickory Hill)**

(a)      <u>Description</u>.  Class 6 consists of the Allowed Secured Claim held by Guaranty Bank that is secured by a Lien against property located at 115-121 Ridgeland Way, Atlanta, Georgia.

(b)      <u>Treatment</u>.  The Allowed Class 6 Claim shall be amortized over twenty (20) years using an interest rate of five percent (5%) per annum   The holder of the Allowed Class 6 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 6 Claim by Final Order, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, the Allowed Class 6 Claim shall mature and the unpaid balance then outstanding shall be due in full and payable on the tenth (10th) anniversary of the Effective Date.  The holder of the Allowed Class 6 Claim shall retain the Lien securing the Allowed Class 6 Claim.

(c)      <u>Impairment</u>.  The Class 6 Claim is Impaired.

**4.07.    Class 7.  Allowed Secured Claim of Guaranty Bank (Mr. Dickson)**

(a)      <u>Description</u>.  Class 7 consists of the Allowed Secured Claim held by Guaranty Bank that is secured by a Lien against the remaining proceeds from the foreclosure sale of property located at 522 Margaret Street, Key West, Florida.  Guaranty Bank foreclosed upon property located at 522 Margaret Street, Key West, Florida.  In accordance with the judgment entered in the foreclosure proceeding, the state court reserved jurisdiction to award attorneys' fees and costs, which, if awarded, was to be paid from the excess sale proceeds (the "<u>Surplus Proceeds</u>") realized from the sale of the collateral and payment of all other amounts owed to Guaranty Bank.

(b)      <u>Treatment</u>.  The holder of the Allowed Class 7 Claim shall be paid $15,000.00 from the Surplus Proceeds in full and complete satisfaction of the Allowed Class 7 Claim within twenty (20) days following the Effective Date.  Thereafter, fifty percent (50%) all remaining Surplus Proceeds from the foreclosure sale shall be released to Mr. Dickson <u>and</u> fifty percent (50%) all remaining Surplus Proceeds from the foreclosure sale shall be released to Jane Goodwin, and Guaranty Bank shall be deemed to have fully and forever released Mr. Dickson and any other person or entity liable with Mr. Dickson from any and all liability on account of any debt or obligation with respect to 522 Margaret Street, Key West, Florida.

18471849v1 903970 71604

(c)    <u>Impairment</u>.  The Class 7 Claim is Impaired.

**4.08.    Class 8.  Allowed Secured Claim of BSI, as servicer for Bank of America, N.A. (Mr. Dickson)**

(a)    <u>Description</u>.  Class 8 consists of the Allowed Secured Claim held by BSI, as servicer for Bank of America, N.A. that is secured by a Lien against property located at 1124-1126 Margaret Street, Key West, Florida.

(b)    <u>Treatment</u>.  The Allowed Class 8 Claim shall be amortized over twenty (20) years using an interest rate of five percent (5%) per annum.   The holder of the Allowed Class 8 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 8 Claim by Final Order, and each month thereafter until paid in full.  The holder of the Allowed Class 8 Claim shall retain the Lien securing the Allowed Class 8 Claim.

(c)    <u>Impairment</u>.  The Class 8 Claim is Impaired.

**4.09.    Class 9.  Allowed Secured Claim of GSRAN-Z, LLC (Hickory Hill)**

(a)    <u>Description</u>.  Class 9 consists of the Allowed Secured Claim held by GSRAN-Z, LLC that is secured by a Lien against property located 1024 Donnelly Avenue, Atlanta, Georgia, Parcel No. 14-0019-0002-016-3.

(b)    <u>Treatment</u>.    The Allowed Amount of the Allowed Class 9 Claim shall be amortized, over a period of five (5) years using an interest rate of five percent (5%) per annum. The holder of the Allowed Class 9 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 9 Claim by Final Order of the Court, and each month thereafter until paid in full.  The holder of the Allowed Class 9 Claim shall retain the Lien securing the Allowed Class 9 Claim. Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 9 Claim, (b) object to the amount of the Class 9 Claim, and (c) surrender or abandon the Collateral securing the Class 9 Claim prior to the Confirmation Hearing.  In the event that the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 9 Claim is Impaired.

**4.10.    Class 10.  Allowed Secured Claim of GSRAN-Z, LLC (Hickory Hill)**

(a)    <u>Description</u>.  Class 10 consists of the Allowed Secured Claim held by GSRAN-Z, LLC that is secured by a Lien against property located 115-121 Ridgeland Way, Fulton County, Georgia, Parcel No. 17-0102-0001-043-0.

(b)      Treatment.   The Allowed Class 10 Claim shall be amortized over five (5) years using an interest rate of five percent (5%) per annum.    The holder of the Allowed Class 10 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization, commencing on the later of (i) twenty (20) days after the Effective Date, or (ii) the date on which such Claim becomes an Allowed Class 10 Claim by Final Order, and each month thereafter until paid in full.  The holder of the Allowed Class 10 Claim shall retain the Lien securing the Allowed Class 10 Claim.   Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 10 Claim, (b) object to the amount of the Class 10 Claim, and (c) surrender or abandon the Collateral securing the Class 10 Claim prior to the Confirmation Hearing.   In the event that the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)      Impairment.  The Class 10 Claim is Impaired.

### 4.11.   Class 11.  Allowed Secured Claim of Marathon Investment Corp. (Hickory Hill)

(a)      Description. Class 11 consists of the Allowed Secured Claim held by Marathon Investment Corp. that is secured by a Lien against property located at 0 Richmond Street SE, Atlanta, Georgia, Parcel No. 14-0053-0008-046-2.

(b)      Treatment.   At the option of Hickory Hill, in its sole discretion, the Allowed Class 11 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 11 Claim shall be amortized over a period of five (5) years using an interest rate of five percent (5%) per annum.  The holder of the Allowed Class 11 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 11 Claim by Final Order, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 11 Claim to the holder of the Allowed Class 11 Claim in full and complete satisfaction of the Class 11 Claim, thus providing the holder of the Allowed Class 11 Claim with the indubitable equivalent of the Allowed Class 11 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 11 Claim, (b) object to the amount of the Class 11 Claim, and (c) surrender or abandon the Collateral securing the Class 11 Claim prior to the Confirmation Hearing.   In the event that the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)      Impairment.  The Class 11 Claim is Impaired.

18471849v1 903970 71604

**4.12.    Class 12.  Allowed Secured Claim of Marathon Investment Corp. (Hickory Hill)**

(a)    <u>Description</u>. Class 12 consists of the Allowed Secured Claim held by Marathon Investment Corp. that is secured by a Lien against property located at 0 Rhodesia Aveneue SE, Atlanta, Georgia, Parcel No. 14-0057-0022-032-0.

(b)    <u>Treatment</u>.  At the option of Hickory Hill, in its sole discretion, the Allowed Class 12 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 12 Claim shall be amortized over a period of five (5) years using an interest rate of five percent (5%) per annum.  The holder of the Allowed Class 12 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 12 Claim by Final Order, and each month thereafter until paid in full; <u>or</u> (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 12 Claim to the holder of the Allowed Class 12 Claim in full and complete satisfaction of the Class 12 Claim, thus providing the holder of the Allowed Class 12 Claim with the indubitable equivalent of the Allowed Class 12 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 12 Claim, (b) object to the amount of the Class 12 Claim, and (c) surrender or abandon the Collateral securing the Class 12 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 12 Claim is Impaired.

**4.13.    Class 13.  Allowed Secured Claim of Southern Tax Capital, LLC (Hickory Hill)**

(a)    <u>Description</u>. Class 13 consists of the Allowed Secured Claim held by Southern Tax Capital, LLC that is secured by a Lien against property located at 139 Rhodesia Avenue SE, Atlanta, Georgia, Parcel No. 14-0057-0023-007-1.

(b)    <u>Treatment</u>.  At the option of Hickory Hill, in its sole discretion, the Allowed Class 13 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 13 Claim shall be amortized over a period of five (5) years using an interest rate of five percent (5%) per annum.  The holder of the Allowed Class 13 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 13 Claim by Final Order, and each month thereafter until paid in full; <u>or</u> (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 13 Claim to the holder of the Allowed Class 13 Claim in full and complete satisfaction of the Class 13 Claim, thus providing the holder of the Allowed Class 13 Claim with the indubitable equivalent of the Allowed Class 13 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 13 Claim,

18471849v1 903970 71604

(b) object to the amount of the Class 13 Claim, and (c) surrender or abandon the Collateral securing the Class 13 Claim prior to the Confirmation Hearing.   In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     <u>Impairment</u>.  The Class 13 Claim is Impaired.

### 4.14.    Class 14.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)     <u>Description</u>. Class 14 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Richmond Street SE, Fulton County, Georgia, Parcel No. 14-0053-0008-045-4.

(b)     <u>Treatment</u>.  At the option of Hickory Hill, in its sole discretion, the Allowed Class 14 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 14 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 14 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 14 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 14 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 14 Claim to the holder of the Allowed Class 14 Claim in full and complete satisfaction of the Class 14 Claim, thus providing the holder of the Allowed Class 14 Claim with the indubitable equivalent of the Allowed Class 14 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 14 Claim, (b) object to the amount of the Class 14 Claim, and (c) surrender or abandon the Collateral securing the Class 14 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     <u>Impairment</u>.  The Class 14 Claim is Impaired.

### 4.15.    Class 15.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)     <u>Description</u>. Class 15 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Richmond Street SE, Fulton County, Georgia, Parcel No. 14-0053-0008-046-2.

18471849v1 903970 71604

(b)     Treatment.     At the option of Hickory Hill, in its sole discretion, the Allowed Class 15 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 15 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 15 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 15 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 15 Claim by Final Order fo the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 15 Claim to the holder of the Allowed Class 15 Claim in full and complete satisfaction of the Class 15 Claim, thus providing the holder of the Allowed Class 15 Claim with the indubitable equivalent of the Allowed Class 15 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 15 Claim, (b) object to the amount of the Class 15 Claim, and (c) surrender or abandon the Collateral securing the Class 15 Claim prior to the Confirmation Hearing.   In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     Impairment.  The Class 15 Claim is Impaired.

**4.16.   Class 16.   Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)     Description. Class 16 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 McDonough Boulevard SE, Fulton County, Georgia, Parcel No. 14-0056-0008-039-4.

(b)     Treatment.     At the option of Hickory Hill, in its sole discretion, the Allowed Class 16 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 16 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 16 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 16 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 16 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 16 Claim to the holder of the Allowed Class 16 Claim in full and complete satisfaction of the Class 16 Claim, thus providing the holder of the Allowed Class 16 Claim with the indubitable equivalent of the Allowed Class 16 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 16 Claim, (b) object to the amount of the Class 16 Claim, and (c) surrender or abandon the Collateral securing the Class 16 Claim

18471849v1 903970 71604

prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    Impairment. The Class 16 Claim is Impaired.

### 4.17.    Class 17.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)    Description. Class 17 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0021-045-3.

(b)    Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 17 Claim shall be treated as follows: (i) the Allowed Amount of the Allowed Class 17 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 17 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511. The holder of the Allowed Class 17 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 17 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 17 Claim to the holder of the Allowed Class 17 Claim in full and complete satisfaction of the Class 17 Claim, thus providing the holder of the Allowed Class 17 Claim with the indubitable equivalent of the Allowed Class 17 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 17 Claim, (b) object to the amount of the Class 17 Claim, and (c) surrender or abandon the Collateral securing the Class 17 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    Impairment. The Class 17 Claim is Impaired.

### 4.18.    Class 18.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)    Description. Class 18 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0022-032-0.

(b)    Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 18 Claim shall be treated as follows: (i) the Allowed Amount of the Allowed Class 18

26

Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 18 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 18 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 18 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 18 Claim to the holder of the Allowed Class 18 Claim in full and complete satisfaction of the Class 18 Claim, thus providing the holder of the Allowed Class 18 Claim with the indubitable equivalent of the Allowed Class 18 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 18 Claim, (b) object to the amount of the Class 18 Claim, and (c) surrender or abandon the Collateral securing the Class 18 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)      Impairment.  The Class 18 Claim is Impaired.

**4.19.    Class 19.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)      Description.  Class 19 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 139 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0023-0007-1.

(b)      Treatment.      At the option of Hickory Hill, in its sole discretion, the Allowed Class 19 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 19 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 19 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 19 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, and (y) the date on which such Claim becomes an Allowed Class 19 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 19 Claim to the holder of the Allowed Class 19 Claim in full and complete satisfaction of the Class 19 Claim, thus providing the holder of the Allowed Class 19 Claim with the indubitable equivalent of the Allowed Class 19 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 19 Claim, (b) object to the amount of the Class 19 Claim, and (c) surrender or abandon the Collateral securing the Class 19 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within

the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 19 Claim is Impaired.

**4.20.    Class 20.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    <u>Description</u>. Class 20 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 1445 Parsons Street SE, Fulton County, Georgia, Parcel No. 14-0057-0023-008-9.

(b)    <u>Treatment</u>.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 20 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 20 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 20 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 20 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes and Allowed Class 20 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 20 Claim to the holder of the Allowed Class 20 Claim in full and complete satisfaction of the Class 20 Claim, thus providing the holder of the Allowed Class 20 Claim with the indubitable equivalent of the Allowed Class 20 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 20 Claim, (b) object to the amount of the Class 20 Claim, and (c) surrender or abandon the Collateral securing the Class 20 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 20 Claim is Impaired.

**4.21.    Class 21.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    <u>Description</u>. Class 21 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0023-034-5.

(b)    <u>Treatment</u>.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 21 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 21 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date,

18471849v1 903970 71604

using the rate of interest to which the holder of the Allowed Class 21 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 21 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 21 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 21 Claim to the holder of the Allowed Class 21 Claim in full and complete satisfaction of the Class 21 Claim, thus providing the holder of the Allowed Class 21 Claim with the indubitable equivalent of the Allowed Class 21 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 21 Claim, (b) object to the amount of the Class 21 Claim, and (c) surrender or abandon the Collateral securing the Class 21 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    Impairment.  The Class 21 Claim is Impaired.

### 4.22.    Class 22.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)    Description.  Class 22 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0023-035-2.

(b)    Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 22 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 22 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 22 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 22 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 22 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 22 Claim to the holder of the Allowed Class 22 Claim in full and complete satisfaction of the Class 22 Claim, thus providing the holder of the Allowed Class 22 Claim with the indubitable equivalent of the Allowed Class 22 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 22 Claim, (b) object to the amount of the Class 22 Claim, and (c) surrender or abandon the Collateral securing the Class 22 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such

Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     Impairment.  The Class 22 Claim is Impaired.

**4.23.    Class 23.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)     Description. Class 23 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rhodesia Avenue SE, Fulton County, Georgia, Parcel No. 14-0057-0023-036-0.

(b)     Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 23 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 23 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 23 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 23 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, and (y) the date on which such Claim becomes an Allowed Class 23 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 23 Claim to the holder of the Allowed Class 23 Claim in full and complete satisfaction of the Class 23 Claim, thus providing the holder of the Allowed Class 23 Claim with the indubitable equivalent of the Allowed Class 23 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 23 Claim, (b) object to the amount of the Class 23 Claim, and (c) surrender or abandon the Collateral securing the Class 23 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     Impairment.  The Class 23 Claim is Impaired.

**4.24.    Class 24.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)     Description. Class 24 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 210 Claire Street SE, Fulton County, Georgia, Parcel No. 14-0057-0025-039-2.

(b)     Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 24 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 24 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 24 Claim is entitled under

applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 24 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 24 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 24 Claim to the holder of the Allowed Class 24 Claim in full and complete satisfaction of the Class 24 Claim, thus providing the holder of the Allowed Class 24 Claim with the indubitable equivalent of the Allowed Class 24 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 24 Claim, (b) object to the amount of the Class 24 Claim, and (c) surrender or abandon the Collateral securing the Class 24 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)      <u>Impairment</u>.  The Class 24 Claim is Impaired.

### 4.25.   Class 25.   Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)      <u>Description</u>.  Class 25 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Withers Place SW, Fulton County, Georgia, Parcel No. 14-0075-0004-008-0.

(b)      <u>Treatment</u>.      At the option of Hickory Hill, in its sole discretion, the Allowed Class 25 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 25 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 25 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 25 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 25 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 25 Claim to the holder of the Allowed Class 25 Claim in full and complete satisfaction of the Class 25 Claim, thus providing the holder of the Allowed Class 25 Claim with the indubitable equivalent of the Allowed Class 25 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 25 Claim, (b) object to the amount of the Class 25 Claim, and (c) surrender or abandon the Collateral securing the Class 25 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

18471849v1 903970 71604

(c)    Impairment.  The Class 25 Claim is Impaired.

**4.26.    Class 26.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    Description.  Class 26 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Windsor Street SW, Fulton County, Georgia, Parcel No. 14-0075-0004-023-9.

(b)    Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 26 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 26 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 26 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 26 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 26 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 26 Claim to the holder of the Allowed Class 26 Claim in full and complete satisfaction of the Class 26 Claim, thus providing the holder of the Allowed Class 26 Claim with the indubitable equivalent of the Allowed Class 26 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 26 Claim, (b) object to the amount of the Class 26 Claim, and (c) surrender or abandon the Collateral securing the Class 26 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    Impairment.  The Class 26 Claim is Impaired.

**4.27.    Class 27.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    Description.  Class 27 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Cooper Street SW, Fulton County, Georgia, Parcel No. 14-0076-0010-042-0.

(b)    Treatment.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 27 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 27 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 27 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 27 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization

18471849v1 903970 71604

commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 27 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 27 Claim to the holder of the Allowed Class 27 Claim in full and complete satisfaction of the Class 27 Claim, thus providing the holder of the Allowed Class 27 Claim with the indubitable equivalent of the Allowed Class 27 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 27 Claim, (b) object to the amount of the Class 27 Claim, and (c) surrender or abandon the Collateral securing the Class 27 Claim prior to the Confirmation Hearing.   In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)        Impairment.  The Class 27 Claim is Impaired.

### 4.28.    Class 28.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)

(a)        Description.  Class 28 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 1024 Donnelly Avenue SW, Fulton County, Georgia, Parcel No. 14-0019-0002-016-3.

(b)        Treatment.      The Allowed Amount of the Allowed Class 28 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 28 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 28 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 28 Clam by Final Order of the Court, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 28 Claim, (b) object to the amount of the Class 28 Claim, and (c) surrender or abandon the Collateral securing the Class 28 Claim prior to the Confirmation Hearing.    In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)        Impairment.  The Class 28 Claim is Impaired.

**4.29.    Class 29.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    <u>Description</u>. Class 29 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rosewood Drive NE, Fulton County, Georgia, Parcel No. 17-0001-0004-021-5.

(b)    <u>Treatment</u>.    At the option of Hickory Hill, in its sole discretion, the Allowed Class 29 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 29 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 29 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 29 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 29 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Hickory Hill shall surrender the collateral securing the Allowed Class 29 Claim to the holder of the Allowed Class 29 Claim in full and complete satisfaction of the Class 29 Claim, thus providing the holder of the Allowed Class 29 Claim with the indubitable equivalent of the Allowed Class 29 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to (a) value the Collateral securing the Class 29 Claim, (b) object to the amount of the Class 29 Claim, and (c) surrender or abandon the Collateral securing the Class 29 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 29 Claim is Impaired.

**4.30.    Class 30.    Allowed Secured Claim of Fulton County Tax Commissioner (Hickory Hill)**

(a)    <u>Description</u>. Class 30 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 115-121 Ridgeland Way, Fulton County, Georgia, Parcel No. 17-0102-0001-043-0.

(b)    <u>Treatment</u>.    The Allowed Amount of the Allowed Class 30 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Hickory Hill Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 30 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 30 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 30 Claim by Final Order of the Court, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, Hickory Hill reserves the right to

18471849v1 903970 71604

(a) value the Collateral securing the Class 30 Claim, (b) object to the amount of the Class 30 Claim, and (c) surrender or abandon the Collateral securing the Class 30 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)     Impairment.  The Class 30 Claim is Impaired.

### 4.31.   Class 31.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)     Description. Class 31 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Ormond Street SE, Fulton County, Georgia, Parcel No. 14-0054-0007-075-1.

(b)     Treatment.     At the option of Mr. Dickson, in his sole discretion, the Allowed Class 31 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 31 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 31 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 31 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes and Allowed Class 31 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 31 Claim to the holder of the Allowed Class 31 Claim in full and complete satisfaction of the Class 31 Claim, thus providing the holder of the Allowed Class 31 Claim with the indubitable equivalent of the Allowed Class 31 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 31 Claim, (b) object to the amount of the Class 31 Claim, and (c) surrender or abandon the Collateral securing the Class 31 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)     Impairment.  The Class 31 Claim is Impaired.

### 4.32.   Class 32.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)     Description. Class 32 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Hill Street SE, Fulton County, Georgia, Parcel No. 14-0056-0007-038-7.

(b)    Treatment.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 32 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 32 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 32 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 32 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 32 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 32 Claim to the holder of the Allowed Class 32 Claim in full and complete satisfaction of the Class 32 Claim, thus providing the holder of the Allowed Class 32 Claim with the indubitable equivalent of the Allowed Class 32 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.   Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 32 Claim, (b) object to the amount of the Class 32 Claim, and (c) surrender or abandon the Collateral securing the Class 32 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    Impairment.  The Class 32 Claim is Impaired.

### 4.33.    Class 33.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)    Description. Class 33 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 208 Claire Drive SE, Fulton County, Georgia, Parcel No. 14-0057-0025-040-0.

(b)    Treatment.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 33 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 33 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 33 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 33 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 33 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 33 Claim to the holder of the Allowed Class 33 Claim in full and complete satisfaction of the Class 33 Claim, thus providing the holder of the Allowed Class 33 Claim with the indubitable equivalent of the Allowed Class 33 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 33 Claim, (b) object to the amount of the Class 33 Claim, and (c) surrender or abandon the Collateral securing the Class 33 Claim

18471849v1 903970 71604

prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    Impairment.  The Class 33 Claim is Impaired.

### 4.34.    Class 34.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)    Description. Class 34 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Harper Road SE, Fulton County, Georgia, Parcel No. 14-0059-LL-074-7.

(b)    Treatment.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 34 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 34 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 34 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 34 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 34 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 34 Claim to the holder of the Allowed Class 34 Claim in full and complete satisfaction of the Class 34 Claim, thus providing the holder of the Allowed Class 34 Claim with the indubitable equivalent of the Allowed Class 34 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 34 Claim, (b) object to the amount of the Class 34 Claim, and (c) surrender or abandon the Collateral securing the Class 34 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    Impairment.  The Class 34 Claim is Impaired.

### 4.35.    Class 35.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)    Description. Class 35 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Greenwood Street SW, Fulton County, Georgia, Parcel No. 14-0138-0001-071-6.

(b)    Treatment.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 35 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 35

18471849v1 903970 71604

Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 35 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 35 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, and (y) the date on which such Claim becomes an Allowed Class 35 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 35 Claim to the holder of the Allowed Class 35 Claim in full and complete satisfaction of the Class 35 Claim, thus providing the holder of the Allowed Class 35 Claim with the indubitable equivalent of the Allowed Class 35 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 35 Claim, (b) object to the amount of the Class 35 Claim, and (c) surrender or abandon the Collateral securing the Class 35 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)      <u>Impairment</u>.  The Class 35 Claim is Impaired.

**4.36.   Class 36.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)      <u>Description</u>.  Class 36 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 100 Dahlia Avenue NW, Fulton County, Georgia, Parcel No. 14-0179-0002-017-8.

(b)      <u>Treatment</u>.      At the option of Mr. Dickson, in his sole discretion, the Allowed Class 36 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 36 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 36 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 36 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 36 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 36 Claim to the holder of the Allowed Class 36 Claim in full and complete satisfaction of the Class 36 Claim, thus providing the holder of the Allowed Class 36 Claim with the indubitable equivalent of the Allowed Class 36 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 36 Claim, (b) object to the amount of the Class 36 Claim, and (c) surrender or abandon the Collateral securing the Class 36 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within

the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 36 Claim is Impaired.

**4.37.    Class 37.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)    <u>Description</u>. Class 37 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Rosewood Drive NE Fulton County, Georgia, Parcel No. 17-0001-0004-020-7.

(b)    <u>Treatment</u>.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 37 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 38 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 37 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 37 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 37 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 37 Claim to the holder of the Allowed Class 37 Claim in full and complete satisfaction of the Class 37 Claim, thus providing the holder of the Allowed Class 37 Claim with the indubitable equivalent of the Allowed Class 37 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 37 Claim, (b) object to the amount of the Class 37 Claim, and (c) surrender or abandon the Collateral securing the Class 37 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 37 Claim is Impaired.

**4.38.    Class 38.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)    <u>Description</u>. Class 38 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Orm Circle NE # Rear, Fulton County, Georgia, Parcel No. 17-0053-0001-033-0.

(b)    <u>Treatment</u>.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 38 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 38 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date,

using the rate of interest to which the holder of the Allowed Class 38 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511. The holder of the Allowed Class 38 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 38 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 38 Claim to the holder of the Allowed Class 38 Claim in full and complete satisfaction of the Class 38 Claim, thus providing the holder of the Allowed Class 38 Claim with the indubitable equivalent of the Allowed Class 38 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 38 Claim, (b) object to the amount of the Class 38 Claim, and (c) surrender or abandon the Collateral securing the Class 38 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)      Impairment. The Class 38 Claim is Impaired.

**4.39.    Class 39. Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)      Description. Class 39 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Olive Street, Fulton County, Georgia, Parcel No. 22-3341-1227-192-6.

(b)      Treatment.      At the option of Mr. Dickson, in his sole discretion, the Allowed Class 39 Claim shall be treated as follows: (i) the Allowed Amount of the Allowed Class 40 Claim shall be amortized, over a period of time equal to sixty (60) months less the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 39 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511. The holder of the Allowed Class 39 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 39 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 39 Claim to the holder of the Allowed Class 39 Claim in full and complete satisfaction of the Class 39 Claim, thus providing the holder of the Allowed Class 39 Claim with the indubitable equivalent of the Allowed Class 39 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 39 Claim, (b) object to the amount of the Class 39 Claim, and (c) surrender or abandon the Collateral securing the Class 39 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such

Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 39 Claim is Impaired.

**4.40.    Class 40.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)    <u>Description</u>. Class 40 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Olive Street, Fulton County, Georgia, Parcel No. 22-3341-1227-193-4.

(b)    <u>Treatment</u>.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 40 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 40 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 40 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 40 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 40 Claim by Final Order of the Court, and each month thereafter until paid in full; <u>or</u> (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 40 Claim to the holder of the Allowed Class 40 Claim in full and complete satisfaction of the Class 40 Claim, thus providing the holder of the Allowed Class 40 Claim with the indubitable equivalent of the Allowed Class 40 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 40 Claim, (b) object to the amount of the Class 40 Claim, and (c) surrender or abandon the Collateral securing the Class 40 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 40 Claim is Impaired.

**4.41.    Class 41.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)**

(a)    <u>Description</u>. Class 41 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Juniper Street, Fulton County, Georgia, Parcel No. 22-3341-1227-206-4.

(b)    <u>Treatment</u>.    At the option of Mr. Dickson, in his sole discretion, the Allowed Class 41 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 41 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 41 Claim is entitled under

18471849v1 903970 71604

applicable non-bankruptcy law and 11 U.S.C. § 511. The holder of the Allowed Class 41 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 41 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 41 Claim to the holder of the Allowed Class 41 Claim in full and complete satisfaction of the Class 41 Claim, thus providing the holder of the Allowed Class 41 Claim with the indubitable equivalent of the Allowed Class 41 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 41 Claim, (b) object to the amount of the Class 41 Claim, and (c) surrender or abandon the Collateral securing the Class 41 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)     <u>Impairment</u>. The Class 41 Claim is Impaired.

### 4.42.  Class 42.  Allowed Secured Claim of Fulton County Tax Commissioner (Mr. Dickson)

(a)     <u>Description</u>. Class 42 consists of the Allowed Secured Claim held by the Fulton County Tax Commissioner with respect to real estate located at 0 Juniper Street, Fulton County, Georgia, Parcel No. 22-3341-1227-207-2.

(b)     <u>Treatment</u>.     At the option of Mr. Dickson, in his sole discretion, the Allowed Class 42 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 42 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 42 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511. The holder of the Allowed Class 42 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 42 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 42 Claim to the holder of the Allowed Class 42 Claim in full and complete satisfaction of the Class 42 Claim, thus providing the holder of the Allowed Class 42 Claim with the indubitable equivalent of the Allowed Class 42 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 42 Claim, (b) object to the amount of the Class 42 Claim, and (c) surrender or abandon the Collateral securing the Class 42 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 42 Claim is Impaired.

**4.43.   Class 43.  Allowed Secured Claim of Macon County Tax Collector (Hickory Hill)**

(a)    <u>Description</u>. Class 43 consists of the Allowed Secured Claim held by the Macon County Tax Collector.  The Class 43 Claim is secured by a Lien against real property located at 1185 Hickory Hill Road, Highlands, North Carolina.

(b)    <u>Treatment</u>.  The Allowed Class 43 Claim shall be amortized, over a period equal to sixty (60) months <u>less</u> the number of months that shall have elapsed from the Dickson Petition Date through the Effective Date, using the statutory rate of interest to which the holder of the Allowed Class 43 Claim is entitled under applicable non-bankruptcy law and 11U.S.C. § 511. The holder of the Allowed Class 43 Claim shall be paid monthly payments of principal interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 43 Claim by Final Order of the Court, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 43 Claim, (b) object to the amount of the Class 43 Claim, and (c) surrender or abandon the Collateral securing the Class 43 Claim prior to the Confirmation Hearing.  In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    <u>Impairment</u>.  The Class 43 Claim is Impaired.

**4.44.   Class 44.   Allowed Secured Claim of Monroe County Tax Collector (Mr. Dickson)**

(a)    <u>Description</u>. Class 44 consists of the Allowed Secured Claim held by the Monroe County Tax Collector.   The Class 44 Claim is secured by a Lien against real property located at 1128 Margaret Street, Key West, Florida.

(b)    <u>Treatment</u>.  The Allowed Class 44 Claim shall be amortized, over a period equal to sixty (60) months <u>less</u> the number of months that shall have elapsed from the Dickson Petition Date through the Effective Date, using the statutory rate of interest to which the holder of the Allowed Class 44 Claim is entitled under applicable non-bankruptcy law and 11U.S.C. § 511. The holder of the Allowed Class 44 Claim shall be paid monthly payments of principal interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 44 Claim by Final Order of the Court, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 44 Claim, (b) object to the amount of the Class 44 Claim, and (c) surrender or abandon the Collateral securing the Class 44 Claim prior to the Confirmation Hearing.   In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of

such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)     <u>Impairment</u>.  The Class 44 Claim is Impaired.

**4.45.    Class 45.   Allowed Secured Claim of Monroe County Tax Collector (Mr. Dickson)**

(a)     <u>Description</u>.  Class 45 consists of the Allowed Secured Claim held by the Monroe County Tax Collector.   The Class 45 Claim is secured by a Lien against real property located at 512-516 Angela Street, Key West, Florida.

(b)     <u>Treatment</u>.  The Allowed Class 45 Claim shall be amortized, over a period equal to sixty (60) months <u>less</u> the number of months that shall have elapsed from the Dickson Petition Date through the Effective Date, using the statutory rate of interest to which the holder of the Allowed Class 45 Claim is entitled under applicable non-bankruptcy law and 11U.S.C. § 511. The holder of the Allowed Class 45 Claim shall be paid monthly payments of principal interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 45 Claim by Final Order of the Court, and each month thereafter until paid in full.  Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 45 Claim, (b) object to the amount of the Class 45 Claim, and (c) surrender or abandon the Collateral securing the Class 45 Claim prior to the Confirmation Hearing.   In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)     <u>Impairment</u>.  The Class 45 Claim is Impaired.

**4.46.    Class 46.  Allowed Secured Claim of Dekalb County Tax Commissioner (Mr. Dickson)**

(a)     <u>Description</u>.  Class 46 consists of the Allowed Secured Claim held by the Dekalb County Tax Commissioner.  The Class 46 Claim is secured by a Lien against real property located at 438 Hemlock Street, Atlanta, Georgia.

(b)     <u>Treatment</u>.  At the option of Mr. Dickson, in his sole discretion, the Allowed Class 46 Claim shall be treated as follows:  (i) the Allowed Amount of the Allowed Class 46 Claim shall be amortized, over a period of time equal to sixty (60) months <u>less</u> the number of months which shall have elapsed from the Dickson Petition Date through the Effective Date, using the rate of interest to which the holder of the Allowed Class 46 Claim is entitled under applicable non-bankruptcy law and 11 U.S.C. § 511.  The holder of the Allowed Class 46 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on

which such Claim becomes an Allowed Clas 46 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 46 Claim to the holder of the Allowed Class 46 Claim in full and complete satisfaction of the Class 46 Claim, thus providing the holder of the Allowed Class 46 Claim with the indubitable equivalent of the Allowed Class 46 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 46 Claim, (b) object to the amount of the Class 46 Claim, and (c) surrender or abandon the Collateral securing the Class 46 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 50 Claim under the Plan.

(c)    Impairment. The Class 46 Claim is Impaired.

### 4.47. Class 47. Allowed Secured Claim of Katrina Anding (Hickory Hill)

(a)    Description. Class 47 consists of the Allowed Secured Claim held by Katrina Anding. The Class 47 Claim is secured by a Lien against vacant parcels of real estate located at Richmond Street and Rosewood Drive, Atlanta, Georgia.

(b)    Treatment. At the option of Mr. Dickson, in his sole discretion, the Allowed Class 47 Claim shall be treated as follows: (i) the Allowed Amount of the Allowed Class 47 Claim shall be amortized, over a period of seven (7) years using an interest rate of five percent (5%) per annum. The holder of the Allowed Class 47 Claim shall be paid monthly payments of principal and interest based on the foregoing amortization commencing on the later of (x) twenty (20) days after the Effective Date, or (y) the date on which such Claim becomes an Allowed Class 47 Claim by Final Order of the Court, and each month thereafter until paid in full; or (ii) Mr. Dickson shall surrender the collateral securing the Allowed Class 47 Claim to the holder of the Allowed Class 47 Claim in full and complete satisfaction of the Class 47 Claim, thus providing the holder of the Allowed Class 47 Claim with the indubitable equivalent of the Allowed Class 47 Claim in accordance with section 1129(b)(2)(A)(iii) of the Code. Notwithstanding anything herein to the contrary, Mr. Dickson reserves the right to (a) value the Collateral securing the Class 47 Claim, (b) object to the amount of the Class 47 Claim, and (c) surrender or abandon the Collateral securing the Class 47 Claim prior to the Confirmation Hearing. In the event the Collateral is surrendered or abandoned, or if the Collateral is valued by the Court, the holder of such Claim shall have the right to file, within the time established by the Court, a Claim for the amount, if any, by which the amount of such Claim exceeds the value of the Collateral, and the Allowed Amount of such deficiency claim shall be treated as an Allowed Class 51 Claim under the Plan.

(c)    Impairment. The Class 47 Claim is Impaired.

18471849v1 903970 71604

**4.48.   Class 48.   Allowed  Other Secured Claims (Mr. Dickson)**

(a)   <u>Description.</u>  Class 48 consists of Allowed Other Secured Claims against Dickson, other than the Allowed Class 3 through 5, 7 through 8, 31 through 42, and 44 through 46 Claims.

(b)   <u>Treatment.</u>   The holders of Allowed Class 48 Claims shall receive, in full satisfaction, release and exchange for such Claim, at the sole option of Mr. Dickson:  (i) each holder of an Allowed Other Secured Claim, including any interest on such Allowed Other Secured Claim required to be paid pursuant to section 506(b) of the Code, shall receive payment in full, in Cash, on the later of the Effective Date of the Plan and the date such Allowed Other Secured Claim becomes an Allowed Other Secured Claim, or as soon thereafter as is reasonably practicable; or (ii) the Collateral securing the Allowed Class 48 Claim shall be surrendered to the holder of the Allowed Class 48 Claim, thus resulting in the holder of the Allowed Class 48 Claim receiving the indubitable equivalent of its Secured Claim under section 1129(b)(2)(A)(iii).  Mr. Dickson reserves the right to obtain a determination of the value of any Secured Claim pursuant to section 506 of the Code.  In the event that Mr. Dickson obtains such a determination, each such holder receiving the treatment set forth in the preceding sentence of this Section 4.48(b)(i) or (ii) shall have an Allowed Class 50 Claim for the amount by which the amount of the Allowed Claim exceeds the value of the Collateral, that is Property of the Dickson Estate, securing such Allowed Claim and provided that Mr. Dickson has personal liability for such deficiency claim.

(c)   <u>Impairment</u>.  The Class 48 Claims are Unimpaired.

**4.49.   Class 49.  Allowed  Other Secured Claims (Hickory Hill)**

(a)   <u>Description.</u>  Class 49 consists of Allowed Other Secured Claims against Hickory Hill, other than the Allowed Class 6, 9 through 30, 43 and 47 Claims.

(b)   <u>Treatment.</u>   The holders of Allowed Class 49 Claims shall receive, in full satisfaction, release and exchange for such Claim, at the sole option of Hickory Hill:  (i) each holder of an Allowed Other Secured Claim, including any interest on such Allowed Other Secured Claim required to be paid pursuant to section 506(b) of the Code, shall receive payment in full, in Cash, on the later of the Effective Date of the Plan and the date such Allowed Other Secured Claim becomes an Allowed Other Secured Claim, or as soon thereafter as is reasonably practicable; or (ii) the Collateral securing the Allowed Class 49 Claim shall be surrendered to the holder of the Allowed Class 49 Claim, thus resulting in the holder of the Allowed Class 49 Claim receiving the indubitable equivalent of its Secured Claim under section 1129(b)(2)(A)(iii). Hickory Hill reserves the right to obtain a determination of the value of any Secured Claim pursuant to section 506 of the Code.  In the event that Hickory Hill obtains such a determination, each such holder receiving the treatment set forth in the preceding sentence of this Section 4.49(b)(i) or (ii) shall have an Allowed Class 51 Claim for the amount by which the amount of the Allowed Claim exceeds the value of the Collateral, that is Property of the Hickory Hill Estate, securing such Allowed Claim and provided that Hickory Hill has personal liability for such deficiency claim.

(b)   <u>Impairment</u>.  The Class 49 Claims are Unimpaired.

18471849v1 903970 71604

**4.50.    Class 50.  Allowed Unsecured Claims (Mr. Dickson)**

(a)    <u>Description</u>. Class 50 consists of the Allowed Unsecured Claims against Dickson.

(b)    <u>Treatment</u>.  The Allowed Class 50 Claims shall be paid a distribution equal to twenty-five percent (25%) of the Allowed Amount of the Allowed Class 50 Claims.  Each holder of an Allowed Class 50 Claim shall receive sixty (60) equal monthly payments calculated based on twenty-five percent (25%) of the Allowed Amount of the Allowed Class 50 Claim amortized over sixty (60) months using an interest rate of five percent (5%) per annum.   Payments shall commence on the later of (i) twenty (20) days after the Effective Date, or (i) the date that the Claim becomes an Allowed Class 50 Claim by Final Order, and each consecutive month thereafter in accordance with this Section 4.50(b).

(c)    <u>Impairrment</u>.  The Class 50 Claims are Impaired.

**4.51.    Class 51.  Allowed Unsecured Claims (Hickory Hill)**

(a)    <u>Description</u>. Class 51 consists of the Allowed Unsecured Claims against Hickory Hill.

(b)    <u>Treatment</u>.  The Allowed Class 51 Claims shall be paid a distribution equal to twenty-five percent (25%) of the Allowed Amount of the Allowed Class 51 Claims.  Each holder of an Allowed Class 51 Claim shall receive sixty (60) equal monthly payments calculated based on twenty-five percent (25%) of the Allowed Amount of the Allowed Class 51 Claim amortized over sixty (60) months using an interest rate of five percent (5%) per annum.  Payments shall commence on the later of (i) twenty (20) days after the Effective Date, or (i) the date that the Claim becomes an Allowed Class 51 Claim by Final Order, and each consecutive month thereafter in accordance with this Section 4.51(b).

(c)    <u>Impairment</u>.  The Class 51 Claims are Impaired.

**4.52.    Class 52.  Allowed Unsecured Claim of Nationstar Mortgage, LLC (Hickory Hill)**

(a)    <u>Description</u>. Class 52 consists of the Allowed Unsecured Claim of Nationstar Mortgage, LLC.  NationStar Mortgage, LLC claims a Lien against a parcel of real estate owned by Hickory Hill on which a cottage is situated.  An adjoining vacant parcel is owned by Mr. Dickson against which Nationstar holds a Lien. Nationstar Mortgage, LLC and the Debtors are parties to litigation pending in North Carolina in which Nationstar Mortgage, LLC seeks reformation of a mortgage in an effort to extend its Lien to both the vacant lot and the adjoining lot on which the cottage is located.

(b)    <u>Treatment</u>.  In consideration for Nationstar Mortgage, LLC's voting in favor of the Plan, the Debtors agree to resolve the pending litigation by agreeing that the Lien recorded in favor of Nationstar Mortgage, LLC shall encumber both lots, i.e., the vacant lot and the adjoining lot on which the cottage is located.   Thus, the Allowed Class 52 Claim shall be treated for Plan purposes and paid as an Allowed Class 4 Claim.  The holder of the Allowed Class 52 Claim shall

18471849v1 903970 71604

retain the Lien, as extended to both lots located at 1185 Hickory Hill Road, Highlands North Carolina, in order to secure the Allowed Class 52 Claim.

(c)      <u>Impairment</u>.  The Class 52 Claim is Impaired.

**4.53.   Class 53.  Allowed Membership Interests (Hickory Hill)**

(a)      <u>Description.</u>  Class 53 consists of Allowed Membership Interests in Hickory Hill.

(b)      <u>Treatment.</u>  The holders of Allowed Class 53 Interests shall retain their Interests in Hickory Hill.   Provided that Hickory Hill remains current under the Plan, the holders of Allowed Class 53 Interests shall be entitled to income, wages and/or distributions in the ordinary course of Hickory Hill's business, as may be determined by Hickory Hill in accordance with the operating agreement of Hickory Hill and/or applicable law.

(c)      <u>Impairment</u>.  The Class 53 Interests are Impaired.

**ARTICLE V**

**PROVISIONS REGARDING VOTING AND DISTRIBUTIONS UNDER THE PLAN, ALLOWANCE OF CERTAIN CLAIMS, AND TREATMENT OF DISPUTED, CONTINGENT AND UNLIQUIDATED ADMINISTRATIVE EXPENSE CLAIMS, CLAIMS AND INTERESTS**

**5.01    Voting of Claims and Membership Interests**

Each holder of an Allowed Claim or Interest in an Impaired Class of Claims or Interests that is entitled to vote on the Plan pursuant to the Code shall be entitled to vote separately to accept or reject the Plan as provided in such order as may be entered by the Court establishing certain procedures with respect to the solicitation and tabulation of votes to accept or reject the Plan, or any other order or orders of the Court.

The Plan is a joint Plan filed by and on behalf of the Debtors.  The Debtors have filed a joint Plan in order to minimize attorneys' fees, costs and related costs of administration. However, only Ballots filed by Creditors holding Claims against Hickory Hill will be calculated in determining whether Hickory Hill has met the requirements for Confirmation under sections 1126 and 1129 of the Code.  Likewise, only Ballots filed by Creditors holding Claims against Mr. Dickson will be calculated in determining whether Mr. Dickson has met the requirements for Confirmation under sections 1126 and 1129 of the Code.

**5.02    Nonconsensual Confirmation ("Cramdown")**

Notwithstanding that any Impaired Class of Claims or Interests entitled to vote does not accept the Plan by the statutory majorities required by section 1126(c) of the Code, the Proponents are requesting confirmation of the Plan under the cram down provisions of section 1129(b) of the Code.

48

**5.03     Method of Distribution Under the Plan**

(a)     Subject to Rule 9010, and except as otherwise provided in this Section 5.03 of the Plan, all Distributions under the Plan shall be made by the Reorganized Debtors to the holder of each Allowed Claim at the address of such holder as listed on the Schedules as of the Effective Date unless the Debtors or Reorganized Debtors have been notified in writing of a change of address, including by the filing of a proof of Claim by such holder that provides an address different from the address reflected on the Schedules.

(b)     Any payment of Cash made by the Reorganized Debtors pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer.

(c)     Any payment or Distribution required to be made under the Plan on a day other than a Business Day shall be made on the next succeeding Business Day.

(d)     No payment of Cash less than one hundred dollars ($100.00) shall be made by the Reorganized Debtors to any holder of a Claim unless a request therefor is made in writing to the Reorganized Debtors, or unless the Distribution is a final Distribution.

(e)     When any Distribution on account of an Allowed Claim pursuant to the Plan would otherwise result in a Distribution that is not a whole number, the actual Distribution shall be rounded as follows:  (i) fractions of ½ or greater shall be rounded to the next higher whole number, and (ii) fractions of less than ½ shall be rounded to the next lower whole number.  Cash to be distributed pursuant to the Plan shall be adjusted as necessary to account for the rounding provided in this Section 5.03(e) of the Plan.

(f)     Any Distributions of Cash or other property under the Plan which are unclaimed for a period of six (6) months after the Distribution Date shall be vested in the Reorganized Debtors and any entitlement of any holder of any Claim to such Distributions shall be extinguished and forever barred.

(g)     Any Distributions of Cash or other property under the Plan which are unclaimed for a period of six (6) months after the Distribution Date shall be vested in the Reorganized Debtors for Distribution in accordance with the Plan and any entitlement of any holder of any Claim to such Distributions shall be extinguished and forever barred.

(h)     At the close of business on the Effective Date, the claims register shall be closed, and there shall be no further changes in the record holders of any Claims.  The Debtors, the Reorganized Debtors, and any Disbursing Agent shall have no obligation to recognize any transfer of any Claims occurring after the Effective Date; provided, however, that the foregoing will not be deemed to prohibit the sale or transfer of any Claim prior to the Effective Date.  The Debtors, the Reorganized Debtors, and any Disbursing Agent shall instead be entitled to recognize and deal for all purposes under the Plan with only those record holders as of the close of business on the Effective Date.

**5.04     Distributions Withheld for Disputed General Unsecured Claims**

(a)     Establishment and Maintenance of Reserve

49

On any Distribution Date, the Reorganized Debtors shall reserve from the Distributions to be made on such dates to the holders of Allowed Claims, an amount equal to one-hundred percent (100%) of the Distributions to which holders of Disputed Claims would be entitled under the Plan as of such dates if such Disputed Claims were Allowed Claims in their Disputed Claim Amounts or as estimated by the Debtor or the Court in accordance with Section 5.09 of the Plan (the "Disputed Claims Reserve").

(b)     Property Held in Disputed Claims Reserve

Cash in the Disputed Claims Reserve shall (together with all other accretions or distributions thereon) be held in trust by the Reorganized Debtors for the benefit of the potential recipients of such Cash.

(c)     Distributions Upon Allowance of Disputed General Unsecured Claims

The holder of a Disputed Claim that becomes an Allowed Claim subsequent to any Distribution Date shall receive Distributions of Cash and any other consideration from the Disputed Claims Reserve from the Reorganized Debtors within ten (10) days following the date on which such Disputed Claim becomes an Allowed Claim pursuant to a Final Order.  Such Distributions shall be made in accordance with the Plan.

(d)     Expenses of Disputed Claims Reserve

Except as otherwise ordered by the Court, the amount of any reasonable expenses incurred by the Reorganized Debtors or the Disbursing Agents on or after the Effective Date with respect to the Disputed Claims Reserve shall be paid by the Reorganized Debtors from Cash otherwise available for Distributions under the Plan.

**5.05     Procedures for Allowance or Disallowance of Disputed Claims**

(a)     Objections to and Resolution of Administrative Claims and Claims

Except as to applications for allowance of compensation and reimbursement of expenses under sections 330 and 503 of the Code, the Debtors or the Reorganized Debtors, as the case may be, shall have the exclusive right to make and file objections to Administrative Claims and Claims subsequent to the Effective Date.  All objections shall be litigated to Final Order.  From and after the Effective Date, the Reorganized Debtors shall have the authority to compromise, settle, otherwise resolve or withdraw any of their objections without approval of the Court, except as otherwise provided herein.  Unless otherwise ordered by the Court, the Debtors or the Reorganized Debtors, as the case may be, shall file all objections to Claims and serve such objections upon the holder of the Claim as to which the objection is made as soon as is practicable, but in no event later than one hundred twenty (120) days after the Effective Date or such later date as may be approved by the Court.  The Debtors or the Reorganized Debtors reserve the right to object to Administrative Claims as such claims arise in the ordinary course of business.  The Reorganized Debtors shall bear all costs and expenses relating to the investigation and prosecution of Disputed Claims from and after the Effective Date.

(b)     No Distribution Pending Allowance

Notwithstanding any other provision of the Plan, if any portion of a Claim is disputed, the full amount of such Claim shall be treated as a Disputed Claim for purposes of this Plan, and no payment or Distribution provided under the Plan shall be made on account of such unless and until such Disputed Claim becomes an Allowed Claim (in whole or in part).

(c)    Disallowed Claims

All Claims or Interests held by Persons against whom the Debtors or the Reorganized Debtors has commenced an Action under sections 542, 543, 544, 545, 547, 548, 549, and/or 550 of the Code, shall be deemed "disallowed" Claims or Interests pursuant to section 502(d) of the Code and holders of such Claims or Interests shall not be entitled to vote to accept or reject the Plan. Claims or Interests that are deemed disallowed pursuant to this Section 5.05(c) of the Plan shall continue to be disallowed for all purposes until the Action against such party has been settled or resolved by Final Order and any sums due to the Estate from such party have been paid.

### 5.06    Disbursing Agent

The Reorganized Debtors shall act as Disbursing Agents under the Plan with respect to all Distributions on account of Allowed Claims. Any Disbursing Agent may employ or contract with other entities to assist in or make the Distributions required by the Plan. Each Disbursing Agent will serve without bond unless otherwise ordered by the Court. The Reorganized Debtors shall hold all reserves and accounts pursuant to the Plan and the Disputed Claims Reserve.

### 5.07    Setoffs and Recoupment

The Debtors and the Reorganized Debtors, as the case may be, may, but shall not be required to, set off (pursuant to the provisions of sections 553 and 362 of the Code or other applicable law) against or recoup from any Claim and the payments to be made pursuant to the Plan in respect of such Claim, any Claims of any nature whatsoever that the Debtors may have against the claimant, but neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtors of any setoff or recoupment right they may have against the holder of such Claim.

### 5.08    Allocation of Plan Distributions Between Principal and Interest

To the extent that any Allowed Claim entitled to a Distribution under the Plan is comprised of indebtedness and accrued but unpaid interest thereon, such Distribution shall be allocated to the principal amount (as determined for federal income tax purposes) of the Claim first, and then to accrued but unpaid interest.

### 5.09    Estimations of Claims

For purposes of calculating and making Distributions under the Plan, the Reorganized Debtors shall be entitled to estimate, in good faith and with due regard to litigation risks associated with Disputed Claims, the maximum dollar amount of Allowed and Disputed Claims, inclusive of contingent and/or unliquidated Claims in a particular Class. The Debtors or the Reorganized Debtors may at any time request that the Court estimate any contingent or

18471849v1 903970 71604

unliquidated Claim pursuant to section 502(c) of the Code or otherwise regardless of whether the Debtors or Reorganized Debtors previously objected to such Claim or whether the Court has ruled on any such objection, and the Court will retain jurisdiction to estimate any Claim at any time during litigation concerning such objection to any Claim, including without limitation, during the pendency of any appeal relating to any such objection.  In the event that the Court estimates any contingent or unliquidated Claim, the amount so estimated shall constitute either the Allowed Amount of such Claim or a maximum limitation on the amount of such Claim, as determined by the Court.  If the estimated amount constitutes a maximum limitation on the amount of such Claim, the Debtors or the Reorganized Debtors may pursue supplementary proceedings to object to the allowance of such Claim.  All of the foregoing objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another.  Claims may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Court.

### 5.10    No Recourse

Notwithstanding that the Allowed Amount of any particular Disputed Claim is reconsidered under the applicable provisions of the Code and Rules or is Allowed in an amount for which after application of the payment priorities established by the Plan there is insufficient value to provide a recovery equal to that received by other holders of Allowed Claims in the respective Class, no Claim holder shall have recourse against the Disbursing Agent, the Debtors, the Reorganized Debtors, or any of their respective Professionals, consultants, partners, members, managers or Affiliates or their respective successors or assigns, or any of their respective property.  However, nothing in the Plan shall modify any right of a holder of a Claim under section 502(j) of the Code.  THE ESTIMATION OF CLAIMS AND ESTABLISHMENT OF RESERVES UNDER THE PLAN MAY LIMIT THE DISTRIBUTION TO BE MADE ON INDIVIDUAL DISPUTED CLAIMS, REGARDLESS OF THE AMOUNT FINALLY ALLOWED ON ACCOUNT OF SUCH DISPUTED CLAIMS.

### 5.11    Amendments to Claims

A Claim may be amended prior to the Confirmation Date only as agreed upon by the Proponents and the holder of such Claim, or as otherwise permitted by the Court, the Rules or applicable law.  After the Confirmation Date, a Claim may not be amended without the authorization of the Court.  Any amendment to a Claim filed after the Confirmation Date shall be deemed disallowed in full and expunged without any action by the Debtors, the Reorganized Debtors or the Estate, unless the Claim holder has obtained prior Court authorization for the filing of such amendment.

### 5.12    Postpetition Interest on Claims

Unless expressly provided in the Plan, the Confirmation Order, by order of the Court, or any contract, instrument, release, settlement, or other agreement entered into in connection with the Plan, post-petition interest shall not accrue on or after the Petition Date on account of any Claim.

18471849v1  903970  71604

## ARTICLE VI

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### 6.01    Assumption or Rejection of Executory Contracts and Unexpired Leases

#### A.    Executory Contracts and Unexpired Leases

The Code grants the Debtors the power, subject to the approval of the Court, to assume or reject executory contracts and unexpired leases.  If an executory contract or unexpired lease is rejected, the other party to the agreement may file a claim for damages incurred by reason of the rejection.  In the case of rejection of leases of real property, such damage claims are subject to certain limitations imposed by the Code.

Pursuant to sections 365(a) and 1123(b)(2) of the Code, all executory contracts and unexpired leases between either of the Debtors and any Person shall be deemed rejected as of the Effective Date, except for any executory contract or unexpired lease (i) which previously has been assumed or rejected pursuant to an order of the Court entered prior to the Effective Date, or (ii) as to which a motion for approval of the assumption or rejection of such executory contract or unexpired lease has been filed and served prior to Confirmation.  Notwithstanding the foregoing, the Debtors and the Reorganized Debtors, as the case may be, reserve the right to seek and obtain an extension of the time within which to assume or reject any unexpired lease or executory contract.

#### B.    Schedules of Rejected Executory Contracts and Unexpired Leases; Inclusiveness

Each executory contract and unexpired lease that relates to the use or occupancy of real property shall be deemed to include (i) all modifications, amendments, supplements, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, and (ii) all executory contracts or unexpired leases appurtenant to the premises, including, without limitation, all easements, licenses, permits, rights, privileges, immunities, options, rights of first refusal, powers, uses, usufructs, reciprocal easement agreements, vault, tunnel or bridge agreements or franchises, and any other interests in real estate or rights in rem relating to such premises, unless any of the foregoing agreements previously have been assumed.

#### C.    Insurance Policies

Each of the Debtors' insurance policies and any agreements, documents or instruments relating thereto, including without limitation, any retrospective premium rating plans relating to such policies, shall be treated as executory contracts under the Plan; provided, however, any policy of insurance that was either renewed or purchased following the Dickson Petition Date or the Hickory Hill Petition Date, as the case may be, shall not be deemed an executory contract for purposes of the Plan.  Notwithstanding the foregoing, distributions under the Plan to any holder of a Claim covered by any insurance policies and related agreements, documents or instruments that are assumed hereunder, shall comply with the treatment provided under the Plan.  Nothing contained in the Plan shall constitute or be deemed a waiver or release of any Action that the

18471849v1 903970 71604

Debtors may hold against any entity, including, without limitation, the insurers under any of the Debtors' policies of insurance.

**D.      Approval of Assumption or Rejection of Executory Contracts and Unexpired Leases**

Subject to the occurrence of the Effective Date, entry of the Confirmation Order shall constitute (i) the approval, pursuant to sections 365(a) and 1123(b)(2) of the Code, of the assumption of the executory contracts and unexpired leases assumed pursuant to Article VI of the Plan, and (ii) the approval, pursuant to sections 365(a) and 1123(b)(2) of the Code, of the rejection of the executory contracts and unexpired leases rejected pursuant to the Plan subject, however, to the provisions of Section 6.01A of the Plan.

**6.02      Cure of Defaults**

To the extent that cure payments are due with respect to an executory contract or unexpired lease to be assumed pursuant to the Plan, the amount of such cure payment shall be listed in the motion filed as contemplated under Section 6.01A of this Plan.  To the extent that the non-debtor party to any executory contract or unexpired lease disagrees with the cure amount disclosed, such party must file a notice of dispute with the Court and serve such notice on the Debtors by no later than five (5) days prior to the hearing on the motion(s) unless otherwise ordered by the Court.  Except as may otherwise be agreed to by the parties, within sixty (60) days after the Effective Date, the Reorganized Debtors or the party receiving an assignment of any unexpired lease or executory contract shall cure any and all undisputed defaults under any executory contract or unexpired lease assumed pursuant to the Plan in accordance with section 365(b)(1) of the Code.  All disputed defaults that are required to be cured shall be cured either within thirty (30) days of the entry of a Final Order determining the amount, if any, of the Debtors' liability with respect thereto, or as may otherwise be agreed to by the parties.  If there are any objections filed, the Court shall hold a hearing.  In the event the Court determines that the cure amount is greater than the cure amount listed by the Debtors, the Reorganized Debtors may elect to reject the contract or unexpired lease and not pay such greater cure amount.

**6.03      Bar Date for Filing Proofs of Claim Relating to Executory Contracts and Unexpired Leases Rejected Pursuant to the Plan**

*Claims arising out of the rejection of an executory contract or unexpired lease pursuant to the Plan must be filed with the Court and/or served upon the Debtors or Reorganized Debtors or as otherwise may be provided in the Confirmation Order, by no later than thirty (30) days after the earlier of (i) notice of entry of an order approving the rejection of such executory contract or unexpired lease, and (ii) notice of entry of the Confirmation Order.  Any Claim not filed within such time will be forever barred from assertion against the Debtors, Estate, the Reorganized Debtors and Property of the Estate.  Unless otherwise ordered by the Court, all Claims arising from the rejection of executory contracts and unexpired leases shall be treated as Unsecured Claims under the Plan.*

18471849v1 903970 71604

## ARTICLE VII

## MEANS FOR IMPLEMENTATION
## AND EFFECT OF CONFIRMATION OF PLAN

### 7.01    General

Upon confirmation of the Plan, and in accordance with the Confirmation Order, the Plan Proponents or Reorganized Debtors, as the case may be, will be authorized to take all necessary steps, and perform all necessary acts, to consummate the terms and conditions of the Plan. In addition to the provisions set forth elsewhere in the Plan, the following shall constitute the means for implementation of the Plan.

Distributions under the Plan shall be made from Cash available for Distributions in accordance with the Plan.

### 7.02    Effectiveness of Instruments and Agreements

On the Effective Date, all documents described in and all other agreements entered into or documents issued pursuant to the Plan and/or any agreement entered into or instrument or document issued in connection with any of the foregoing, as applicable, shall become effective and binding upon the parties thereto in accordance with their respective terms and conditions and shall be deemed to become effective simultaneously.

### 7.03    Distributions

Distributions shall be made by the Reorganized Debtors in accordance with the Plan.

### 7.04    Corporate Action

On the Effective Date, all matters provided for under the Plan that would otherwise require approval of the manager, managing member or members of Hickory Hill under the Plan, shall be deemed to have occurred and shall be in full force and effect from and after the Effective Date pursuant to the applicable limited liability law, without any requirement of further action by the manager, managing member or members of Hickory Hill.

### 7.05    No Change of Control

Any acceleration, vesting or similar change of control rights of any Person under employment, benefit or other arrangements with the Debtors that could otherwise be triggered by the entry of the Confirmation Order or the consummation of the Plan or any of the transactions contemplated thereby shall be deemed to be waived and of no force or effect.

### 7.06    Term of Bankruptcy Injunction or Stays

All injunctions or stays provided for in this Case under sections 105 or 362 of the Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the entry of the Debtors' discharge.

18471849v1 903970 71604

### 7.08    Causes of Action

As of the Effective Date, pursuant to section 1123(b)(3)(B) of the Code, the Reorganized Debtors shall have the authority to commence and prosecute such Actions any and all Actions accruing to the Debtors and Debtors in Possession, including, without limitation, the Actions under sections 510, 542, 544, 545, 547, 548, 549, 550, 551 and 553 of the Code, for the benefit of the Dickson Estate and/or the Hickory Hill Estate.  The Reorganized Debtors shall continue to prosecute, and may be substituted as the party in interest in, any Action pending on the Effective Date.  ***Notwithstanding anything to the Plan to the contrary, and unless otherwise ordered by the Court, the Debtors preserve, and do not waive, any and all Actions, including, without limitation, Avoidance Actions against any party who may have received transfers of interest in property of the Debtors or payments within 90-days prior to the Petition Date, including, without limitation, any recipient listed in response to Question 3 on the Debtors' respective Statements of Financial Affairs. Additionally, Mr. Dickson retains, and does not waive, certain other pending or potential causes of action which Mr. Dickson believes he possesses. Specifically, Mr. Dickson believes he may have:  (a) a potential cause of action for malpractice against the attorney or attorneys who may have committed malpractice in connection with the foreclosure sale of property located at 522 Margaret Street, Key West, Florida.   Specifically, one of the attorneys may have neglected to file a motion for stay pending appeal which may have stayed the foreclosure sale; (b) a potential cause of action for malpractice against a lawyer may have neglected to commence a Chapter 11 proceeding on behalf of Mr. Dickson in time to stay the foreclosure sale; (c) a potential cause of action for malpractice against the attorney or attorneys in connection with the alleged failure to timely pursue an award of attorneys' fees and costs in connection with litigation pursued against Mr. Dickson but which was ultimately dismissed in Fulton County, Georgia; (d) all claims and causes of action in the action of Dickson, et al. v. Holtkamp, Case No. 2009-CA-2072-K pending in the Circuit Court for the Sixteenth Judicial Circuit in and for Monroe County, Florida; and (e) any and all potential causes of action by Mr. Dickson against individual(s) or entities through which such individuals act in connection with the acquisition of tax "fifas," tax deeds, redemption of the foregoing and related matters occurring in Fulton County, Georgia.***

### 7.09    Objections to Claims

The Debtors or the Reorganized Debtors, as the case may be, shall pursue any objections to Claims.

### 7.10    Settlements

After the Effective Date, the Reorganized Debtors shall have the authority to compromise and settle, otherwise resolve, discontinue, abandon or dismiss all such Actions with the approval of the Court.  Any settlement or compromise of any Action or objection to Claim shall be subject to final approval of the Court and the standards applicable under Rule 9019.

### 7.11    Discharge of Debtors

The rights afforded herein and the treatment of all Claims and Membership Interests in the Plan shall be in exchange for and in complete satisfaction, discharge (in accordance with the

18471849v1  903970  71604

Code) and release of Claims and Membership Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Dickson Petition Date and the Hickory Hill Petition Date, as applicable, against the Debtors and the Debtors in Possession, the Estates, or any of the assets or properties under the Plan.  Except as otherwise provided herein, (i) upon entry of the Debtors' discharge, all such Claims against, and Interests in, the Debtors shall be satisfied, discharged and released in full, and (ii) as of the Effective Date, all Persons shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors and assigns, or their assets or properties any other or further Claims based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of Claim or Proof of Membership Interest and whether or not such holder has voted to accept or reject the Plan.  Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.

**Notwithstanding anything to the contrary in this Plan, the Debtors reserve the right to request an early discharge in accordance with applicable law.**

### 7.12    Injunction Related to Discharge

*Except as otherwise expressly provided in the Plan, the Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against, or Interests in the Debtors, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors or any party who may be liable with any of the Debtors on account of any such Claim or Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or any party who may be liable with any of the Debtors on account of such Claim or against the property or interests in property of the Debtors or any party who may be liable with the Debtors on account of any such Claim or Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest. Such injunctions shall extend to successors and assigns of the Debtors and any party who may be liable with the Debtors on account of any Claim and their respective properties and interests in property.  Notwithstanding anything herein or in the Plan to the contrary, and with respect to any Person who may be liable with the Debtors on account of any Claim, the foregoing injunction shall be enforceable so long as the Debtors do not default (that is not timely cured) in the treatment afforded to the holder of the Claim under the Plan.*

### 7.13    Injunction Against Interference with the Plan

*Upon the entry of a Confirmation Order with respect to the Plan, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, partners, members or principals, shall be enjoined from*

***taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.***

## ARTICLE VIII

## CONFIRMATION AND EFFECTIVENESS OF THE PLAN

### 8.01    Conditions Precedent to Confirmation

The Plan shall not be confirmed by the Court unless and until the following conditions shall have been satisfied or waived pursuant to Section 8.04 of the Plan:

(a)    The Confirmation Order shall be in form and substance reasonably acceptable to the Proponents and shall include, among other things, a finding of fact that the Debtors and their respective members, employees, advisors, attorneys, and agents acted in good faith within the meaning of and with respect to all of the actions described in section 1125(e) of the Code and are, therefore, not liable for the violation of any applicable law, rule or regulation governing such actions; and

(b)    The Clerk of the Court shall have entered the Confirmation Order on the Docket.

### 8.02    Conditions Precedent to Effectiveness

The Plan shall not become effective unless and until the following conditions have been satisfied or waived pursuant to Section 8.04 of the Plan:

(a)    The Confirmation Order shall have been entered and shall be a Final Order (with no modification or amendment thereof), and there shall be no stay or injunction that would prevent the occurrence of the Effective Date; and

(b)    The statutory fees owing to the United States Trustee shall have been paid in full.

### 8.03    Effect of Failure of Conditions

If each condition to the Effective Date specified in the Plan has not been satisfied or duly waived within ninety (90) days after the Confirmation Date, then upon the filing of a motion by the Debtors made before the time that all conditions have been satisfied or duly waived, the Confirmation Order will be vacated by the Court; provided, however, that notwithstanding the filing of such a motion, the Confirmation Order shall not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Court enters an order granting the relief requested in such motion. If the Confirmation Order is vacated, the Plan shall be deemed null and void in all respects, including without limitation the discharge of Claims pursuant to section 1141 of the Code and the assumptions or rejections of executory contracts and unexpired leases as provided by the Plan, and nothing contained herein shall (1) constitute a waiver or

58

release of any Action by, or Claims against, the Debtors, or (2) prejudice in any manner the rights of the Debtors, and any Creditor or party in interest.

**8.04    Waiver of Conditions**

The Proponents may waive in writing one or more of the conditions precedent to confirmation of the Plan, or the condition precedent to effectiveness of the Plan, without further notice to parties in interest or the Court without a prior hearing.

## ARTICLE IX

## RETENTION OF JURISDICTION

The Court shall have exclusive jurisdiction of all matters arising out of, and related to, the Case and the Plan pursuant to, and for the purposes of, sections 105(a) and 1142 of the Code and for, among other things, the following purposes:

(a)    to hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any are pending, and the allowance or disallowance of Claims resulting therefrom;

(b)    to determine any and all adversary proceedings, motions, applications and contested matters, and other litigated matters pending on the Confirmation Date;

(c)    to hear and determine all Actions, including, without limitation, Actions commenced by the Debtors, Reorganized Debtors, or any other party in interest with standing to do so, pursuant to sections 505, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553 of the Code, collection matters related thereto, and settlements thereof;

(d)    to hear and determine any objections to or the allowance, classification, priority, compromise, estimation or payments of any Administrative Claims, Claims or Interests;

(e)    to ensure that Distributions to holders of Allowed Claims are accomplished as provided in the Plan;

(f)    to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(g)    to issue such orders in aid of execution and consummation of the Plan, to the extent authorized by section 1142 of the Code;

(h)    to consider any amendments to or modifications of the Plan, to cure any defect or omission, or to reconcile any inconsistency in the Plan, or any order of the Court, including, without limitation, the Confirmation Order;

(i)    to hear and determine all applications for compensation and reimbursement of expenses of Professionals under sections 330, 331, and 503(b) of the Code;

(j)      to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

(k)      to recover all Assets of the Debtors and Property of the Estate, wherever located;

(l)      to determine any Claim of or any liability to a governmental unit that may be asserted as a result of the transactions contemplated herein;

(m)      to enforce the Plan, the Confirmation Order and any other order, judgment, injunction or ruling entered or made in the Case, including, without limitation, the discharge, injunction, exculpation and releases provided for in the Plan;

(n)      to take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate the Plan or to maintain the integrity of the Plan following consummation;

(o)      to hear and determine matters concerning state, local and federal taxes in accordance with sections 346, 505, and 1146 of the Code (including, but not limited to, an expedited determination under section 505(b) of the Code of the tax liability of the Debtors for all taxable periods through the Effective Date for all taxable periods of the Debtors through the liquidation and dissolution of such entity);

(p)      to hear any other matter not inconsistent with the Code; and

(q)      to enter a final decree closing each Case; provided however, that nothing in the Plan shall divest or deprive any other court or agency of any jurisdiction it may have over the Debtors under applicable environmental laws.

## ARTICLE XI

## MISCELLANEOUS PROVISIONS

### 11.01   Effectuating Documents and Further Transactions.

The Proponents or Reorganized Debtors, as the case may be, are authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to implement, effectuate and further evidence the terms and conditions of the Plan and any notes or other interests issued pursuant to the Plan.

### 11.02   Exemption from Transfer Taxes

From and after the Confirmation Date, and pursuant to section 1146(a) of the Code, the issuance, transfer or exchange of notes or other interests under the Plan, including creation of any mortgage, deed of trust or other security interest, the making or assignment of any lease or sublease, or the making or delivery of any instrument of transfer under, in furtherance of, or in connection with the Plan, including, without limitation, any merger agreements or agreements of consolidation, deeds, bills of sale or assignments executed in connection with any of the

18471849v1 903970 71604

transactions contemplated by the Plan, shall not be subject to any stamp, real estate transfer, mortgage recording, or other similar tax.

### 11.03    Authorization to Request Prompt Tax Determinations.

The Debtors or the Reorganized Debtors, as the case may be, are authorized to request an expedited determination under section 505(b) of the Code of the tax liability of the Debtors, for all taxable periods through the Effective Date.

### 11.04    Exculpation.

*Subject to the occurrence of the Effective Date, and except as otherwise provided in the Plan, neither the Debtors nor any of their respective members, agents, financial advisors, attorneys, employees, holders of Interests, affiliates and representatives (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Case, the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan; provided, however, that the foregoing shall not operate as a waiver or release for (i) any express contractual obligation owing by any such Person, and (ii) willful misconduct or gross negligence, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided further that nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan; provided further that the foregoing shall not operate as a waiver or release of Claims by governmental entities arising under environmental laws.*

### 11.05    Injunction Relating to Exculpation

*The Confirmation Order will contain an injunction, effective on the Effective Date, permanently enjoining the commencement or prosecution by the Debtors, the Reorganized Debtors and any other Person, whether derivatively or otherwise, of any Action or causes of action exculpated, released or discharged pursuant to this Plan against the Exculpated Parties.*

### 11.06    Payment of Statutory Fees

The Reorganized Debtors shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6).  After confirmation, the Reorganized Debtors shall file with the Court and serve on the United States Trustee a quarterly financial report regarding all income and disbursements, including all plan payments, for each period (or portion thereof) the Case remains open.

### 11.07    Amendment or Modification of Plan

Alterations, amendments or modifications of the Plan may be proposed in writing by the Proponents at any time prior to the Confirmation Date in conformity with section 1127(a) of the Code, provided that the Plan, as altered, amended or modified, satisfies the conditions of sections

1122, 1123 and 1129 of the Code, and the Proponents shall have complied with section 1125 of the Code. The Plan may be altered, amended or modified by the Proponents at any time after the Confirmation Date in conformity with section 1127(b) of the Code, provided that the Plan, as altered, amended or modified, satisfies the requirements of sections 1122 and 1123 of the Code and the Court, after notice and a hearing, confirms the Plan, as altered, amended or modified, under section 1129 of the Code and the circumstances warrant such alterations, amendments or modifications. A holder of a Claim that has accepted the Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such holder.

Prior to the Effective Date, the Proponents may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Court.

### 11.08   Severability

In the event that the Court determines, prior to the Confirmation Date, that any provision in the Plan is invalid, void or unenforceable, such provision shall be invalid, void or unenforceable with respect to the holder or holders of such Claims or Interests as to which the provision is determined to be invalid, void or unenforceable. The invalidity, voidability or unenforceability of any such provision shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan. The Court, at the request of the Debtors, shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 11.09   Revocation or Withdrawal of the Plan

The Proponents reserve the right to revoke or withdraw the Plan prior to the Confirmation Date. If the Proponents revoke or withdraw the Plan prior to the Confirmation Date, then the Plan shall be deemed null and void. In such event, nothing contained herein shall constitute or be deemed a waiver or release of any Claims or Actions by or against the Debtors or any other Person, an admission against interests of the Debtors, nor shall it prejudice in any manner the rights of the Debtors or any Person in any further proceedings involving the Debtors.

### 11.10   Binding Effect Notices

The Plan shall be binding upon and inure to the benefit of the Debtors, the holders of Claims and Interests, and their respective successors and assigns.

### 11.11   Notices

All notices, requests and demands to or upon the Proponents or the Reorganized Debtors to be effective shall be in writing and, unless otherwise expressly provided in the Plan, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

**If to the Debtors/Reorganized Debtors:**

Mr. Sam Dickson
512 Angela Street
Key West, Florida 33040

Hickory Hill 1185, LLC
Attn:  Mr. Sam Dickson
512 Angela Street
Key West, Florida 33040

**With copies to:**

Seese, P.A.
Attention:  Michael D. Seese, Esq.
101 N.E. 3rd Avenue, Suite 410
Ft. Lauderdale, Florida 33301
Telephone No. (954) 745-5897

### 11.12   Governing Law

Except to the extent the Code, Rules or other federal law is applicable, or to the extent the Plan or any agreement entered into pursuant to the Plan provides otherwise, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Florida, without giving effect to the principles of conflicts of law of such jurisdiction.

### 11.13   Withholding and Reporting Requirements

In connection with the consummation of the Plan, the Debtors or the Reorganized Debtors, as the case may be, shall comply with all withholding and reporting requirements imposed by any federal, state, local or foreign taxing authority and all distributions hereunder shall be subject to any such withholding and reporting requirements.

### 11.14   Section 1125(e) of the Code

As of the Confirmation Date, the Proponents shall be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Code.  As of the Confirmation Date, the Debtors and their respective members, managers, managing members, agents, financial advisors, attorneys, employees, equity holders, partners, Affiliates and representatives shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Code in the offer and issuance of the new securities hereunder and, therefore, are not, and on account of such offer, issuance and solicitation shall not be, liable at any time for the violation of any applicable law, rule or regulation governing the solicitation of acceptances or rejections hereof or other offer under the Plan.

18471849v1 903970 71604

### 11.15    Filing of Additional Documents

On or before Substantial Consummation of the Plan, the Proponents shall file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

### 11.16    No Admissions

Notwithstanding anything in the Plan to the contrary, nothing contained in the Plan shall be deemed as an admission by any Person with respect to any matter set forth in the Plan or herein.

### 11.17    Waiver of Bankruptcy Rule 3020(e) and 7062

The Proponents may request that the Confirmation Order include (a) a finding that Rules 3020(e) and 7062 shall not apply to the Confirmation Order, and (b) authorization for the Debtors to consummate the Plan immediately after entry of the Confirmation Order.

### 11.18    Time

In computing any period of time prescribed or allowed by the Plan, unless otherwise set forth herein or determined by the Court, the provisions of Rule 9006 shall apply.

### 11.19    Substantial Consummation

The Plan shall be deemed to be Substantially Consummated in accordance with sections 1101 and 1127(b) of the Code.

### 11.20    Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the Case under section 1112(b)(7) of the Code after entry of the Confirmation Order but prior to the Effective Date if there is a default in performing the conditions to effectiveness of the Plan.  If the Court orders the Case converted to Chapter 7 after the entry of the Confirmation Order, this Plan provides that property of the Estate that has not been disbursed pursuant to the provisions herein will revest in the Chapter 7 estates and that the automatic stay will be reimposed, if necessary, upon the revested property to the extent that relief from the stay was not previously authorized by the Court during the pendency of the Case.  The Confirmation Order may also be revoked under certain limited circumstances.  The Court may revoke the Confirmation Order if and only if such order was procured by fraud and if a party in interest brings a motion to revoke such Confirmation Order within 180 days after the entry of the Confirmation Order.

### 11.21    Final Decree

The Reorganized Debtors shall be responsible for filing a motion with the Court to obtain a final decree to close the Case.

18471849v1  903970  71604

**11.22    Inconsistency**

In the event of any inconsistency between the Plan and the Disclosure Statement, any Exhibit to the Plan or the Disclosure Statement or any other instrument or document created or executed pursuant to the Plan, the Plan shall govern.  In the event of any inconsistency between the Plan and the Confirmation Order, the Confirmation Order shall govern.

**11.23    No Interest or Attorneys' Fees**

Except as otherwise provided under the Plan, or as ordered by the Court, no interest, penalty or other charge, including any late charge, arising from and after the Filing Date, and no award or reimbursement of any attorneys' fees or other related cost or disbursement, shall be allowed on, or in connection with, any Claim, unless otherwise provided under the Plan or awarded by the Court.

**11.24    Successors and Assigns**

This Plan and all the provisions hereof shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

**11.25    Headings**

The headings of articles, paragraphs and sub-paragraphs in this Plan are inserted for convenience only and shall not affect the interpretation of any provision of this Plan.

**11.26    No Penalty for Prepayment**

The Reorganized Debtors shall at any time be permitted to prepay, in whole or in part, any Claim treated under this Plan.  Neither the Debtors nor the Reorganized Debtors shall be liable for payment of any sum or interest in the form of a penalty relating to the partial or full prepayment of any claim treated under this Plan, as permitted herein.

**11.27    Savings Clause**

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

**11.28    Remedy of Defects**

After the Effective Date, the Reorganized Debtors may, with approval of the Court, and so long as it does not materially and adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan and in form and substance satisfactory to the Reorganized Debtors.

18471849v1  903970  71604

## ARTICLE XII

### CONCLUSION

The aforesaid provisions shall constitute the Plan of the Debtors. This Plan, when approved and confirmed by the Court, shall be deemed binding on the Proponents, holders of Interests, the Reorganized Debtors and all creditors and all parties in interest and their successors and assigns in accordance with section 1141 of the Code.

_____
Michael D. Seese
(FBN 997323)
SEESE, P.A.
101 N.E. 3rd Avenue
Suite 410
Ft. Lauderdale, FL 33301
Telephone: 954-745-5897
mseese@seeselaw.com
Attorneys for Debtors


Hickory Hill 1185, LLC

By: _____
      Sam Dickson, Sole Member/Manager


_____
      Sam Dickson, individually

18471849v1 903970 71604