

**ORDERED in the Southern District of Florida on March 4, 2016.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| IN RE:<br><br>SAM G. DICKSON, *et al.*,<br><br>    Debtors. | CASE NO.  14-29781-BKC-LMI<br>(Jointly Administered)<br><br>CHAPTER 11 |
|---|---|

### FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION

**THIS CAUSE** came before the Court on February 26, 2016 at 10:00 a.m. upon the

scheduled hearing ("Confirmation Hearing")[1] to consider confirmation of the Debtors' *First*

*Amended Joint Plan of Reorganization* (D.E. # 222), and the Court, (a) having reviewed the file,

(b) having considered the *Confirmation Affidavit of Sam G. Dickson* (D.E. #296) and the

*Confirmation Affidavit of Jane F. Goodwin* (D.E. #297), (d) having considered the *Certificate of*

*Debtors on Acceptance of Plan, Report on Amounts to be Deposited, Certificate of Amount*

*Deposited and Payment of Fees* (D.E. #290) filed by the Debtors, (e) having considered the

---

[1] Unless defined herein, defined terms shall have the meanings ascribed to such terms in the Plan.

presentation of counsel, and (f) based on the entire record of the Confirmation Hearing, the Court does make and issues the following Findings of Fact, Conclusions of Law, and Order:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      The Court has jurisdiction over these Chapter 11 proceedings pursuant to 28 U.S.C. §§ 157(a) and (b), 1334(a) and the United States District Court's General Order of Reference.

B.      Venue of this Chapter 11 proceeding in this District is proper in accordance with 28 U.S.C. §§1408 and 1409.

C.      The Court's consideration of the Plan is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(L).

D.      On September 2, 2014 (the "Petition Date"), Sam G. Dickson ("Mr. Dickson") commenced his Chapter 11 Proceeding (the "Dickson Case") by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code.   Thereafter, on March 2, 2015, Hickory Hill 1185, LLC ("Hickory Hill" and, together with Mr. Dickson, the "Debtors") commenced its Chapter 11 Proceeding (the "Hickory Hill Case" and, together with the Dickson Case, the "Case") by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code. The Dickson Case and the Hickory Hill Case are being jointly administered pursuant to the *Order Directing Joint Administration of Related Chapter 11 Cases* (D.E. # 102).

E.      Mr. Dickson is an adult resident of the State of Florida.  Mr. Dickson properly qualifies and, therefore, is eligible to be a debtor under Chapter 11 consistent with the provisions of 11 U.S.C. § 109(d).

F.      Hickory Hill is a Florida limited liability company.   Hickory Hill properly qualifies and, therefore, is eligible to be a debtor under Chapter 11, consistent with the provisions of 11 U.S.C. § 109(d).

G.      From and after the Petition Date, the Debtors have operated their businesses and remained in possession of their assets as debtors-in-possession pursuant to the authority of 11 U.S.C. §§ 1107 and 1108.

H.      On November 12, 2015, the Debtors filed their *Joint Plan of Reorganization* (D.E. # 206)(the "Original Plan") and *Disclosure Statement for Joint Plan of Reorganization* (D.E. # (207) (the "Original Disclosure Statement").

I.      On December 21, 2015, the Court conducted a hearing to consider approval of the Original Disclosure Statement (the "Disclosure Statement Hearing").   At the conclusion of the Disclosure Statement Hearing, the Court approved the Original Disclosure Statement subject to certain modifications to the Original Plan.

J.      On December 29, 2015, the Debtors filed their *First Amended Joint Plan of Reorganization* (D.E. # 222) (the "Amended Plan") and *First Amended Disclosure Statement for First Amended Joint Plan of Reorganization* (D.E. # 223) (the "Amended Disclosure Statement").

K.      On January 20, 2016, the Court entered the *Amended Order (I) Approving First Amended Disclosure Statement, (II) Setting Hearing on Confirmation of First Amended Joint Plan of Reorganization; (III) Setting Hearing on Fee Applications; (IV) Setting Various Deadlines; and (V) Describing Plan Proponents' Obligations* (D.E. # 241) (the "Scheduling Order").

L.      The Amended Plan, the Amended Disclosure Statement, the Scheduling Order and Ballots were duly served by the Debtors (D.E. # 234).

M.      On February 8, 2016, Mr. Dickson filed the *Modification to Debtors' First Amended Joint Plan of Reorganization* (D.E. # 251) (the "First Modification").

N.      The First Modification revised the treatment afforded to the holder of the Allowed Class 5 Claim and represents an amendment or modification to the Amended Plan consistent with 11 U.S.C. § 1127(a).

O.      On February 9, 2016, Mr. Dickson filed the *Modifications to Debtors' First Amended Joint Plan of Reorganization* (D.E. # 256) (the "Second Modification").

P.      The Second Modification revised the treatment afforded to the holder of the Allowed Class 4 Claim and represents an amendment or modification to the Amended Plan consistent with 11 U.S.C. § 1127(a).

Q.      On February 21, 2016, Mr. Dickson filed the *Modification to Debtors' First Amended Joint Plan of Reorganization* (D.E. # 278) (the "Third Modification").

R.      The Third Modification amended or modified Section 7.04 of the Amended Plan and represents an amendment or modification to the Amended Plan consistent with 11 U.S.C. § 1127(a).

S.      During the Confirmation Hearing, the Court was advised that Mr. Dickson and the holder of the Class 8 Claim agreed that (the "Class 8 Modification" and, together with the First Modification, Second Modification, and Third Modification, the "Modifications"):  (a) the Allowed Class 8 Claim shall be amortized over twenty (20) years using an interest rate of five and one-quarter percent (5.25%) per annum, and the holder of such Claim shall be paid monthly principal and interest payments, based on the foregoing amortization, commencing twenty (20)

days after the Effective Date and each month thereafter until paid in full; (b) Mr. Dickson and the holder of the Allowed Class 8 Claim shall confer to agree on the amount of the Allowed Class 8 Claim as of the Effective Date of the Plan, which shall include any escrow amounts advance by the holder of the Allowed Class 8 Claim prior to Confirmation; and (c) Mr. Dickson shall be responsible for paying taxes and maintaining insurance on the Collateral securing the Allowed Class 8 Claim; in the event Mr. Dickson fails to pay taxes and/or maintain insurance on the Collateral, the holder of the Allowed Class 8 Claim may advance such amounts and re-escrow the loan without further approval of the Court.

T.      The Amended Plan, as amended or modified by the Modification, meets the requirements of 11 U.S.C. §§ 1122 and 1123 (the Amended Plan, as amended or modified by the Modifications, the "Plan").  Accordingly, the Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C. § 1126.  In accordance with 11 U.S.C. § 1127 and Bankruptcy Rule 3019, all holders of Claims or Interests who voted to accept the Amended Plan or who are conclusively presumed to have accepted the Amended Plan are deemed to have accepted the Plan.  No holder of a Claim or Interest shall be permitted to change its vote as a consequence of the Modifications, unless otherwise agreed to by the holder of the Claim or Interest and the Proponents.  The Amended Plan, as amended or modified by the Modifications, shall constitute the Plan submitted for Confirmation.[2]

U.      Pursuant to the Scheduling Order, the Confirmation Hearing was scheduled for February 26, 2016.

V.      Pursuant to the Scheduling Order, the deadline to object to Confirmation was February 9, 2016.  On December 2, 2015, the holder of the Class 5 Claim filed an objection to

---

[2] When used hereafter, the term "Plan" shall mean the Plan as amended or modified by the Modification.

confirmation of the Original Plan (D.E. # 215), which objection was resolved by the First Modification.  On February 25, 2016, the holder of the Class 8 Claim filed an objection to confirmation of the Original Plan (D.E. # 293), which was later withdrawn based on the Class 8 Modification.

W.    Pursuant to the Scheduling Order, the deadline to file Ballots was February 9, 2016 (the "Ballot Deadline").

X.    On February 24, 2016, the Debtors filed their *Certificate of Debtors on Acceptance of Plan, Report on Amounts to be Deposited, Certificate of Amount Deposited, and Payment of Fees* (the "Plan Certificate") (D.E. # 290).

Y.    Pursuant to the Plan Certificate, a total of five (5) ballots were filed on or before the Ballot Deadline.  Three (3) ballots were filed after the Ballot Deadline.

Z.    On February 21, 2016, the Debtors filed their *Joint Motion to Allow Late-Filed Ballot* (D.E. # 279), which was granted by the Court during the Confirmation Hearing.

AA.    The Plan Certificate was compiled in connection with the Plan.  Counsel for the Debtors advised the Court that: (a) Classes 1 and 2 are Unimpaired under the Plan and, therefore, would have been deemed to have voted in support of the Plan; (b) Classes 3, 4, 5, 6, 7, 50 and 52 are Impaired under the Plan and voted in support of Confirmation of the Plan; (c) Classes 8 and 43 through 46 are Impaired under the Plan and did not vote on the Plan; however, the holders of the Allowed Class 8 and Class 43 through 46 Claims shall be paid in full under the Plan and retain the Liens securing such Claims; and (d) Classes 9 through 42 and 47 are Impaired under the Plan and did not vote on the Plan; however, the Allowed Class 9 through 42 and 47 Claims shall be paid in full under the Plan or the holders of such Claims shall receive the indubitable equivalent of such Claims.  There are no known Class 48, 49 and 51 Claims.  Mr. Dickson is the

only holder of a Class 53 Interest, and while Mr. Dickson did not vote on the Plan, Mr. Dickson supports Confirmation of the Plan.

BB.    Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with 11 U.S.C. §§ 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Amended Disclosure Statement, the Scheduling Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws, and regulations.  Specifically, the Amended Disclosure Statement, the Amended Plan, Ballots, and the Scheduling Order were transmitted to and served on all holders of Claims or Interests in Classes that were entitled to vote to accept or reject the Amended Plan, as well as to other parties in interest in the Case, in compliance with 11 U.S.C. § 1125, the Scheduling Order, and the Bankruptcy Rules.  Such transmittal and service were adequate and sufficient, and no further notice is or shall be required.

CC.    On February 25, 2016, the Debtors filed the *Confirmation Affidavit of Sam G. Dickson* (the "Dickson Confirmation Affidavit") (D.E. # 296) and the *Confirmation Affidavit of Jane Goodwin* (D.E. # 297) (the "Goodwin Confirmation Affidavit" and, together with the Dickson Confirmation Affidavit, the "Confirmation Affidavits").    The Debtors proffered the testimony of Mr. Dickson and Ms. Goodwin, as the attestations set forth in the Confirmation Affidavits, in support of Confirmation of the Plan.   The proffered testimony was uncontroverted and received into evidence in support of Confirmation of the Plan.

DD.    The Plan is dated and identifies the Proponents, thereby satisfying Bankruptcy Rule 3016(a).  The filing of the Amended Disclosure Statement with the Clerk of the Court satisfied Bankruptcy Rule 3016(b).

EE.    The Plan complies with the following provisions of 11 U.S.C. § 1123:

(a)       11 U.S.C. § 1123(a)(1): The Plan properly designates and classifies Claims and Equity Interests. Valid business, factual, and legal reasons exist for the separate classification of the various Classes of Claims and Equity Interests created under the Plan, the classifications were not made for any improper purpose, and the creation of such Classes does not unfairly discriminate between or among holders of Claims or Equity Interests;

(b)       11 U.S.C. § 1123(a)(2): The Plan specifies any Claims that are not Impaired;

(c)       11 U.S.C. § 1123(a)(3): The Plan specifies any Claims that are Impaired;

(d)       11 U.S.C. § 1123(a)(4): The Plan provides for the same treatment for each Claim or Equity Interest in each Class;

(e)       11 U.S.C. § 1123(a)(5): The Plan provides for adequate means of implementation. More specifically, the Plan provides for: (i) the allowance and disallowance of claims; (ii) specified distribution mechanisms and procedures; and (iii) the post-confirmation retention of jurisdiction by this Court as necessary in connection with the implementation and consummation of the Plan. Moreover, Distributions under the Plan will be funded with the estate's cash on hand and cash flow generated from ongoing operations;

(f)       11 U.S.C. § 1123(a)(6): The Plan does not provide for the issuance of non-voting securities.

(g)       11 U.S.C. § 1123(a)(7): The Plan contains provisions regarding corporate governance consistent with public policy, including the appointment and identity of any manager of Hickory Hill, as well as any compensation to be paid to the manager; and

(h)       11 U.S.C. § 1123(a)(8): The Plan provides for contributions of earnings from personal services and other distributions to fund distributions under the Plan.

8

FF.    The Plan complies with all applicable provisions of 11 U.S.C. § 1129 as follows:

(a)    11 U.S.C. § 1129(a)(1):  The Plan complies with the applicable provisions of Title 11 of the United States Code, including, without limitation, 11 U.S.C. §§ 1122 and 1123;

(b)    11 U.S.C. § 1129(a)(2):  The Proponents of the Plan have complied with the applicable provisions of Title 11 of the United States Code.  The Proponents and each of their representatives, members, employees, advisors, attorneys, and agents, as applicable, have solicited and tabulated votes on the Plan and have participated in the activities described in 11 U.S.C. § 1125 fairly, in good faith within the meaning of 11 U.S.C. § 1125(e), and in a manner consistent with the applicable provisions of the Scheduling Order, the Amended Disclosure Statement, the Bankruptcy Code, the Bankruptcy Rules, and all other applicable rules, laws, and regulations, and are entitled to the protections afforded by 11 U.S.C. § 1125(e) and the exculpation provisions set forth in Article XI of the Plan.  The Proponents and each of their representatives, members, employees, advisors, attorneys, and agents, as applicable, have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code with regard to the offering, issuance, and distribution of recoveries under the Plan and, therefore, are not, and on account of such distributions will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan, or such Distributions made pursuant to the Plan;

(c)    11 U.S.C. § 1129(a)(3):  The Plan has been proposed in good-faith and not by any means forbidden by law;

(d)    11 U.S.C. § 1129(a)(4):  No securities are being issued under the Plan;

(e)    11 U.S.C. § 1129(a)(5):  The Plan discloses the sole member of Hickory Hill and provides for the appointment, as well as the rights and powers, of the manager to serve on behalf

of Hickory Hill post-Confirmation.  No compensation will be paid to the member or manager of Hickory Hill 1185, LLC except as otherwise may be provided in the Plan;

(f)      11 U.S.C. § 1129(a)(6):  There are no rates applicable to the Debtors;

(g)      11 U.S.C. § 1129(a)(7):  Each Impaired Class of Claims and Equity Interests has either accepted the Plan or each holder of a Claim or Interest in such Class will receive or retain under the Plan property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 on such date and, therefore, the Plan satisfies the "best interests of creditors test" set forth in 11 U.S.C. § 1129(a)(7).  The Liquidation Analyses attached as Exhibit "D" to the Amended Disclosure Statement evidences that a Chapter 7 would yield less returns to creditors than currently provided for under the Plan;

(h)      11 U.S.C. § 1129(a)(8):  Each Class of Claims and Equity Interests has accepted the Plan,  is not Impaired, or the Plan complies with 11 U.S.C. § 1129(b) with respect to each Impaired Class of Claims or Equity Interests that has not accepted the Plan.  The Plan does not discriminate unfairly and is fair and equitable with respect to such Classes.   The Class 1 and Class 2 Claims are Unimpaired under the Plan and, therefore, are deemed to have accepted the Plan.  Classes 3, 4, 5, 6, 7, 50 and 52 are Impaired and voted in support of Confirmation of the Plan.  Classes 8 and 43 through 46 are Impaired and did not vote on the Plan; however, the holders of the Allowed Class 8 and 43 through 46 Claims shall be paid in full under the Plan and retain the Liens securing such Claims.  Moreover, the holder of the Allowed Class 8 Claim attended the Confirmation Hearing and supported Confirmation of the Plan.  Likewise, the holders of the Allowed Class 9 through 42 and 47 Claims are Impaired and did not vote on the Plan.  However, the holders of the Allowed Class 9 through 42 and 47 Claims shall either be paid

in full or shall receive the indubitable equivalent of their Allowed Secured Claims.  There are no known Class 48, 49 and 51 Claims.  Mr. Dickson is the only holder of the Allowed Class 53 Interest, did not vote, but supports Confirmation of the Plan.

(i)    11 U.S.C. § 1129(a)(9):  The Plan provides for payment in full in Cash of each Allowed Administrative Claim (unless such holder agrees to less favorable treatment) and further provides for payment in full of any Priority Tax Claim;

(j)    11 U.S.C. § 1129(a)(10):  At least one Class of Claims that is Impaired under the Plan has accepted the Plan without including the votes of Insiders.  Classes 3, 4, 5, 6, 7, 50 and 52 are Impaired and have accepted the Plan without including the votes of Insiders;

(l)    11 U.S.C. § 1129(a)(11):  The Debtors project sufficient funds available to meet their obligations under the Plan and, therefore, the Proponents have demonstrated a reasonable probability of success, thus satisfying the requirements of 11 U.S.C. § 1129(a)(11);

(m)    11 U.S.C. § 1129(a)(12):  The Plan provides for payment in full of any fees pursuant to 28 U.S.C. §1930 as of the Effective Date and for payment thereafter pending entry of a final decree and order closing the Case;

(n)    11 U.S.C. § 1129(a)(13):  The Debtors do not provide retiree benefits;

(o)    11 U.S.C. § 1129(a)(14):  The Debtors are not obligated on any domestic support obligation, and Mr. Dickson filed the *Individual Debtor Certificate for Confirmation Regarding Payment of Domestic Support Obligations and Filing of Required Tax Returns* (D.E. # 266) and has otherwise complied with 11 U.S.C. § 1129(a)(14);

(p)    11 U.S.C. § 1129(a)(15):  No holder of Allowed Unsecured Claim objected to Confirmation of the Plan;

(q)    11 U.S.C. § 1129(a)(16):  This provision is not applicable to the Debtors;

11

(r)      11 U.S.C. § 1129(b):   The Plan complies with all provisions of section 1129 of the Code, other than section 1129(a)(8).  The Plan is fair and equitable with respect to the Allowed Class 8 through 47 and 53 Claims.  Classes 8 and 43 through 46 shall retain the Liens securing such Claims and shall be paid in full under the Plan.  Moreover, the holder of the Allowed Class 8 Claim attended the Confirmation Hearing and supported Confirmation of the Plan.  Likewise, the holders of the Allowed Class 9 through 42 and 47 Claims shall either be paid in full and retain the Liens securing such Claims or shall receive the indubitable equivalent of their Allowed Secured Claims.  There are no known Class 48, 49 and 51 Claims.   Mr. Dickson is the only holder of the Allowed Class 53 Interest, and although he did not vote on the Plan, Mr. Dickson supports Confirmation.

(s)      11 U.S.C. § 1129(c):  The Plan is the only plan considered and confirmed by the Court; and

(t)      11 U.S.C. § 1129(d):  The principal purpose of the Plan is not the avoidance of taxes or the application of section 5 of the Securities Act of 1933.

(u)      11 U.S.C. § 1129(e).  This section is not applicable to the Debtors.

GG.     Each of the discharge, release, injunction, and exculpation provisions set forth in the Plan: (a) is within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), 1334(b), and 1334(d); (b) is an essential means of implementing the Plan pursuant to 11 U.S.C. §1123(a)(6); (c) is an integral element of the transactions incorporated into the Plan; (d) confers material benefits on, and is in the best interests of, the Debtors, the Estate, and creditors; (e) is important to the overall objectives of the Plan to finally resolve all Claims among or against the parties-in-interest in the Case with respect to the Debtors; and (f) is consistent with 11 U.S.C. §§105, 1123, 1129, and other applicable provisions of the Bankruptcy Code.  The record of the

Confirmation Hearing and the Case is sufficient to support the discharge, release, exculpation, and injunction provisions contained in the Plan.

HH.    Section 7.08 of the Plan appropriately provides for the preservation by the Debtors of Actions in accordance with 11 U.S.C. § 1123(b)(3)(B).  The provisions regarding Actions in the Plan are appropriate and are in the best interests of the Debtors, the Estate, and Holders of Claims and Interests.

II.    Based upon the foregoing, the Plan satisfies the requirements for confirmation set forth in 11 U.S.C. § 1129.

JJ.    The Proponents and their agents (and their respective shareholders, officers, directors, agents, financial advisers, attorneys, employees, partners, affiliates, and representatives), as applicable, have acted in good faith throughout the Case.  In addition, they will be deemed to have continued to act in good faith if they proceed to: (a) consummate the Plan and the agreements, settlements, transactions, and transfers contemplated thereby; and (b) take the actions authorized and directed by the Confirmation Order.

KK.    Pursuant to 11 U.S.C. § 363, Bankruptcy Rule 9019, and any applicable laws, and as consideration for the distributions and other benefits provided under the Plan, all settlements and compromises of Claims and Interests embodied therein constitute good faith compromises and settlements of Claims and Interests, and such compromises and settlements are fair, equitable, reasonable, appropriate in light of the relevant facts and circumstances underlying such compromise and settlement, and are in the best interests of the Debtors, the Estate, and holders of Claims and Interests.

LL.    All transfers of property of the Estate shall be free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan.  Pursuant to

11 U.S.C. §§ 1141(b) and (c), all property of each of the Debtors shall vest in the Reorganized

Debtors free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as

expressly provided in the Plan.  Such vesting does not constitute a voidable transfer under the

Bankruptcy Code or applicable nonbankruptcy law.

**ORDER:**

**BASED ON THE FOREGOING FINDINGS OF FACT, IT IS ORDERED** as
follows**:**

1.      The Plan is approved and confirmed pursuant to 11 U.S.C. § 1129(a).

2.      To the extent that any objections, reservations of rights, requests, statements, or

joinders to Confirmation, including in connection with the designation of votes pursuant to 11

U.S.C. § 1126(e), have not been withdrawn, waived, or settled prior to entry of the Confirmation

Order or otherwise resolved as stated on the record of the Confirmation Hearing, they are

overruled on the merits.

3.      The findings of fact and the conclusions of law stated in this Confirmation Order

shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made

applicable to the proceeding by Bankruptcy Rule 9014.  To the extent any finding of fact shall be

determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of

law shall be determined to be a finding of fact, it shall be so deemed.

4.      This Confirmation Order confirms the Plan and each of the provisions in each and

every respect pursuant to 11 U.S.C. § 1129.  The Debtors are authorized to take any and all

actions necessary to implement the Plan.  Once finalized and executed, any and all other

documents contemplated by the Plan shall constitute legal, valid, binding, and authorized

obligations of the respective parties thereto, and enforceable in accordance with their terms.

5.    The terms of the Plan and any exhibits thereto are incorporated by reference into, and are an integral part of, this Confirmation Order.  The terms of the Plan, any exhibits thereto, and all other relevant and necessary documents, shall be effective and binding as of the Effective Date of the Plan.

6.    The terms of the Plan shall solely govern the classification of Claims and Interests for purposes of the Distributions to be made thereunder.  The classifications set forth on the Ballots tendered to or returned by the holders of Claims or Interests in connection with voting on the Plan: (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims and Interests under the Plan for distribution purposes; (c) may not be relied upon by any holder of a Claim or Interest as representing the actual classification of such Claim or Interest under the Plan for distribution purposes; and (d) shall not be binding on the Debtors and Reorganized Debtors except for voting purposes.

7.    The following release, injunction, exculpation, discharge, and related provisions set forth in Article VII and XI of the Plan are approved and authorized in their entirety:

**(a)    7.11    Discharge of Debtors**

**The rights afforded herein and the treatment of all Claims and Membership Interests in the Plan shall be in exchange for and in complete satisfaction, discharge (in accordance with the Code) and release of Claims and Membership Interests of any nature whatsoever, including any interest accrued on such Claims from and after the Dickson Petition Date and the Hickory Hill Petition Date, as applicable, against the Debtors and the Debtors in Possession, the Estates, or any of the assets or properties under the Plan; provided, however, Mr. Dickson shall only be entitled to his discharge in accordance with 11 U.S.C. § 1141(d)(5) without prejudice to the rights of Mr. Dickson to seek an early discharge.  The discharge of Hickory Hill shall be in accordance with 11 U.S.C. § 1141(d)(1).  Except as otherwise provided herein, (i) upon entry of the Debtors' discharge, as applicable, all such Claims against, and Interests in, the Debtors shall be satisfied, discharged and released in full, and (ii) as of the Effective Date, all Persons shall be precluded and enjoined from asserting against the Reorganized Debtors, their successors and assigns, or their assets or properties any other or further Claims based upon any act or**

omission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date, whether or not such holder has filed a proof of Claim or Proof of Membership Interest and whether or not such holder has voted to accept or reject the Plan. Notwithstanding the foregoing, nothing in the Plan shall release, discharge, enjoin or preclude any Claim that has not arisen as of the Effective Date that any governmental unit may have against the Debtor and nothing in the Plan shall release, nullify or enjoin the enforcement of any liability to a governmental unit under environmental statutes or regulations that any entity would be subject to as the owner or operator of property after the date of entry of the Confirmation Order.

**(b)      7.12    Injunction Related to Discharge**

Except as otherwise expressly provided in the Plan, this Confirmation Order or a separate order of the Court, all Persons who have held, hold or may hold Claims against, or Interests in the Debtors, are permanently enjoined, on and after the Effective Date, from (i) commencing or continuing in any manner any action or other proceeding of any kind with respect to any such Claim or Interest, (ii) enforcing, attaching, collecting or recovering by any manner or means of any judgment, award, decree or order against the Debtors or any party who may be liable with any of the Debtors on account of any such Claim or Interest, (iii) creating, perfecting or enforcing any Lien or asserting control of any kind against the Debtors or any party who may be liable with any of the Debtors on account of such Claim or against the property or interests in property of the Debtors or any party who may be liable with the Debtors on account of any such Claim or Interest, and (iv) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due from the Debtors or against the property or interests in property of the Debtors on account of any such Claim or Interest.  Such injunctions shall extend to successors and assigns of the Debtors and any party who may be liable with the Debtors on account of any Claim and their respective properties and interests in property.  Notwithstanding anything herein or in the Plan to the contrary, and with respect to any Person who may be liable with the Debtors on account of any Claim, the foregoing injunction shall be enforceable so long as the Debtors, as applicable, do not default (that is not timely cured) in the treatment afforded to the holder of the Claim under the Plan.

**(c)      7.13    Injunction Against Interference with the Plan**

Upon the entry of this Confirmation Order with respect to the Plan, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, partners, members or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan, except with respect to actions any such entity may take in connection with the pursuit of appellate rights.

**(d)      11.04    Exculpation**

Subject to the occurrence of the Effective Date, to the fullest extent of applicable law and except as otherwise provided in the Plan, neither the Debtors nor any of their respective members, agents, financial advisors, employees, holders of Interests, affiliates

and representatives (the "Exculpated Parties") shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of, the Case, the Plan, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan;  provided, however, that the foregoing shall not operate as a waiver or release for (i) any express contractual obligation owing by any such Person, or (ii) willful misconduct or gross negligence, and, in all respects, the Exculpated Parties shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan; provided further that nothing in the Plan shall, or shall be deemed to, release the Exculpated Parties, or exculpate the Exculpated Parties with respect to, their respective obligations or covenants arising pursuant to the Plan; provided further that the foregoing shall not operate as a waiver or release of Claims by governmental entities arising under environmental laws.

     **(e)**       **11.05   Injunction Relating to Exculpation**

     **This Confirmation Order contains an injunction, effective on the Effective Date, permanently enjoining the commencement or prosecution by the Debtors, the Reorganized Debtors and any other Person, whether derivatively or otherwise, of any Action or causes of action exculpated, released or discharged pursuant to this Plan against the Exculpated Parties.**

     8.     Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Case and the Plan as set forth in Article IX of the Plan.

     9.     On the Effective Date, except to the extent otherwise provided in the Plan, all notes, instruments, certificates, and other documents evidencing Claims or Interests shall be cancelled and the obligations of the Debtors or Reorganized Debtors thereunder or in any way related thereto shall be discharged; provided, however, that notwithstanding Confirmation or the occurrence of the Effective Date, any indenture or agreement that governs the rights of the holder of a Claim shall continue in effect solely for purposes of allowing holders to receive Distributions under the Plan.

     10.     **Any non-debtor party to any unexpired non-residential lease of real property, personal property or executory contract that is rejected by the Debtors by**

**operation of the Plan shall have thirty (30) days from the date of entry of this Confirmation**

**Order in which to file unsecured rejection claims for damages, if any.**

11.    Pursuant to 11 U.S.C. §1146(a), any transfers of property, or the making or delivery of an instrument, pursuant to the Plan shall not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment, and upon entry of the Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax, recordation fee, or governmental assessment.

12.    Subject to Article VIII of the Plan and notwithstanding Bankruptcy Rules 3020(e), 6004(h), or 7062 or otherwise, upon the occurrence of the Effective Date, the terms of the Plan shall be immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and any and all holders of Claims or Interests (irrespective of whether such Claims or Interests are deemed to have accepted the Plan), all Persons that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan or herein, and any and all non-debtor parties to executory contracts and unexpired leases with the Debtor as set forth herein.

13.    The rights, benefits, and obligations of any Person named or referred to in the Plan shall be binding on, and shall inure to the benefit of any heir, executor, administrator, successor or assign, affiliate, officer, director, agent, representative, attorney, beneficiaries, or guardian, if any, of each Person.

14.    The failure specifically to include or to refer to any particular article, section, or

provision of the Plan or any related document in the Confirmation Order shall not diminish or impair the effectiveness of such article, section, or provision, and such article, section, or provision shall have the same validity, binding effect, and enforceability as every other provision of the Plan, it being the intent of the Court that the Plan and any related documents be confirmed in their entirety.

15.    Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) or unless otherwise specifically stated, the laws of the State of Florida, without giving effect to the principles of conflict of laws, shall govern the rights, obligations, construction, and implementation of the Plan, any agreements, documents, instruments, or contracts executed or entered into in connection with the Plan.

16.    Except as set forth in the Plan, all actions authorized to be taken pursuant to the Plan shall be effective on, prior to, or after the Effective Date pursuant to the Confirmation Order, without further application to, or order of the Court, or further action by the respective managers or members of Reorganized Debtors and with the effect that such actions had been taken by unanimous action of such managers or members, as applicable.

17.    Pursuant to 11 U.S.C. § 1142(b) and any comparable provision of the limited liability company laws of any other state, each of the Debtors and the Reorganized Debtors, as applicable, is authorized and empowered to take such actions and to perform such acts as may be necessary, desirable or appropriate to comply with or implement the Plan, and any other documents as contemplated in the Plan, and all documents, instruments, and agreements related thereto and all annexes, exhibits, and schedules appended thereto, and the obligations thereunder shall constitute legal, valid, binding and authorized obligations of each of the respective parties thereto, enforceable in accordance with their terms without the need for any corporate approval.

Further, each of the Debtors and the Reorganized Debtors is authorized and empowered to take such actions, to perform all acts, to make, execute, and deliver all instruments and documents, and to pay all fees and expenses as set forth in the documents relating to the Plan that may be required or necessary for its performance thereunder without the need for any corporate approval.

18.     On the Effective Date, the appropriate managing agents of the Reorganized Debtors are authorized and empowered to issue, execute, and deliver the agreements, documents, and instruments contemplated by the Plan, and any document related thereto, in the name of and on behalf of the Reorganized Debtors.  Subject to the terms of this Confirmation Order, each of the Debtors, the Reorganized Debtors, and the managing agents thereof are authorized to take any such actions without further action or action of the managing agents of the Debtors or the Reorganized Debtors.

19.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, and regulations of all states and any other governmental authority with respect to: (a) the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto and (b) any other acts and transactions referred to in or contemplated by the Plan, the Amended Disclosure Statement, and any documents, instruments, or agreements, and any amendments or modifications thereto.

20.     Subject to certain restrictions and requirements set forth in 11 U.S.C. § 1127 and Bankruptcy Rule 3019 and those restrictions on modifications set forth in the Plan, the Proponents expressly reserve their rights to revoke or withdraw, alter, amend, or modify the Plan, one or more times, after Confirmation, and, to the extent necessary, may initiate proceedings in the Bankruptcy Court to so alter, amend, or modify the Plan, or remedy any defect or omission,

or reconcile any inconsistencies in the Plan, the Amended Disclosure Statement, or the Confirmation Order, in such matters as may be necessary to carry out the purposes and intent of the Plan.  Any such amendment, modification, or supplement shall be considered a modification of the Plan and shall be made in accordance with Article XI of the Plan.  Entry of the Confirmation Order means that all modifications or amendments to the Original Plan since the solicitation thereof, including, without limitation, the Modifications, are approved pursuant to 11 U.S.C. § 1127(a) and do not require additional disclosure or re-solicitation under Bankruptcy Rule 3019.

21.    The Modifications are consistent with 11 U.S.C. § 1127(a).  The Plan (the Original Plan, as amended or modified by the Modifications) meets the requirements of 11 U.S.C. §§ 1122 and 1123.  The Plan does not require additional disclosure under 11 U.S.C. § 1125 or re-solicitation of votes under 11 U.S.C.  § 1126.  The Modifications are approved in their entirety and incorporated herein by reference.

22.    The Consummation of the Plan shall not constitute a change of ownership or change in control, as such terms are used in any statute, regulation, contract, or agreement (including any employment, severance, termination, or insurance agreements) in effect on the Effective Date and to which either of the Debtors is a party or under any applicable law of any applicable Governmental Unit.  Notwithstanding the foregoing, the Debtors and Reorganized Debtors reserve the right to selectively waive this provision.

23.    The Debtors shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) within ten (10) days of the entry of this Confirmation Order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period.  The Reorganized

Debtors shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the Reorganized Debtors for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6) until the earlier of (a) the closing of this Case by the issuance of a Final Decree by the Court, or (b) the entry of an order by the Court dismissing this Case or converting this Case to another chapter under the Code.  The party responsible for paying the post-confirmation fees pursuant to 28 U.S.C. § 1930(a)(6) shall provide the United States Trustee upon payment of each post-confirmation payment with an appropriate affidavit indicating all cash disbursements for the relevant period.

24.     If there is any direct conflict between the terms of the Plan and the Confirmation Order, the terms of the Confirmation Order shall control.

25.     The Proponents are authorized to consummate the Plan at any time after entry of the Confirmation Order subject to satisfaction or waiver of the conditions precedent set forth in Article VIII of the Plan.

# # #

Submitted by:

Michael D. Seese, Esq.
Seese, P.A.
101 N.E. 3rd Avenue, Suite 410
Ft. Lauderdale, Florida 33301
(954) 745-5897

Copies furnished to:

Attorney SEESE is directed to serve conforming copies of this Confirmation Order on all required parties.