# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Case No.: 14-29781-LMI |
| Sam G. Dickson, | Chapter 11 |
| Debtor. | |
| | (consolidated case *In re Hickory Hill 1185, LLC*, case no. 15-13854-LMI) |
| _____/ | |

## SAM G. DICKSON'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION AND FIRST REQUESTS FOR ADMISSION TO CREDITOR SELECT PORTFOLIO SERVICING, INC.

Sam G. Dickson ("**Debtor**"), propounds upon Select Portfolio Servicing, Inc. ("**Creditor**"): (1) his First Set of Interrogatories set forth on Schedule B, pursuant to Fed. R. Civ. P. 33; (2) his First Requests for Production set forth on Schedule C, pursuant to Fed. R. Civ. P. 34; and (3) his First Requests for Admission set forth on Schedule D, pursuant to Fed. R. Civ. P. 36. These discovery requests are subject to the Definitions and Instructions set forth on Schedule A.

Dated: January 12, 2023.

CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar for the District Court in and for the Southern District of Florida, and am qualified to practice before this Court as set forth in Local Rule 2090-1(A).

**I HEREBY CERTIFY** that the attached Payoff Request was served and filed via CM/ECF to the parties listed below and/or via first class mail on January 12, 2023 to:

Gregg S. Ahrens, Esq. on behalf of Creditor U.S. Bank Trust National Association as Trustee for GIFM Holdings Trust
gahrens@kahaneandassociates.com, bkecf@kahaneandassociates.com;mdixon@kahaneandassociates.com;2334149420@filings.docketbird.com

Bouavone Amphone on behalf of Creditor WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA TRUST
Bouavone.amphone@gmail.com, jplean@rasflaw.com

Randy M Bennis, Esq on behalf of Creditor Keys Federal Credit Union
randy@bennisperloff.com

Stefan Beuge, Esq. on behalf of Creditor U.S. Bank Trust, N.A., as Trustee for Lsf9 Master Participation Trust, by Caliber Home Loans, Inc., as Its Attorney in Fact
flsd.bankruptcy@phelanhallinan.com, mhartz@shumaker.com

Alice A Blanco on behalf of Creditor Nationstar Mortgage LLC
ecfflsb@aldridgepite.com, ablanco@ecf.inforuptcy.com

Alice A Blanco on behalf of Creditor Ocwen Loan Servicing, LLC.
ecfflsb@aldridgepite.com, ablanco@ecf.inforuptcy.com

Anthony D Colunga on behalf of Creditor Ventures Trust 2013-I-H-R
anthonycolungalaw@gmail.com, bncmail@w-legal.com

Adam A Diaz on behalf of Creditor US Bank National Association
adiaz@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Vivian J Elliott on behalf of Creditor Nationstar Mortgage LLC
velliott@logs.com, electronicbankruptcynotices@logs.com

Melbalynn Fisher on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity, but solely in its capacity as trustee of Citigroup Mortgage Loan Trust 2021-RP1
mfisher@ghidottiberger.com, bknotifications@ghidottiberger.com

Michelle R Ghidotti-Gonzalez on behalf of Creditor US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CABANA SERIES III TRUST
ECFNotifications@ghidottilaw.com

April Harriott on behalf of Creditor U.S. Bank National Association, not in its individual capacity but solely as Trustee NRZ PASS-THROUGH TRUST X
aharriott@raslg.com

Kevin L Hing on behalf of Creditor Nationstar Mortgage LLC
kevinlhing@yahoo.com

Michael S Hoffman on behalf of Interested Party Dianne May Revocable Trust
Mshoffman@hlalaw.com,
hlaecf@gmail.com;cthornton@hlalaw.com;mshoffman@ecf.courtdrive.com;cthornton@ecf.courtdrive.com;mkennady@hlalaw.com

Patrick A Hruby on behalf of Creditor Ventures Trust 2013-I-H-R
wbecf@brockandscott.com

Matthew B Klein on behalf of Creditor U.S. Bank Trust National Association, as Trustee of the Cabana Series III Trust
matthew@howardlaw.com, alberte@howardlaw.com

Matthew B Klein on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity but solely as trustee for Dwelling Series III Trust
matthew@howardlaw.com, alberte@howardlaw.com

Joshua C Kligler on behalf of Creditor US Bank National Association
joshua.kligler@dunnlawpa.com, rbasnueva@dunnlawpa.com;lrodriguez@dunnlawpa.com

Brandi Rainey Lesesne, Esq. on behalf of Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, In
ecfflsb@aldridgepite.com, blesesne@ecf.inforuptcy.com

Alejandro G Martinez-Maldonado on behalf of Creditor WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTINA TRUST
bk@exllegal.com

Alejandro G Martinez-Maldonado on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not Individually but as Trustee for Ventures Trust 2013-I-H-R, A Delaware Trust
bk@exllegal.com

Ida Moghimi Kian on behalf of Creditor US Bank National Association
southerndistrict@shdlegalgroup.com

Wanda D Murray on behalf of Creditor Nationstar Mortgage LLC
ecfflsb@aldridgepite.com, WMurray@ecf.courtdrive.com

Wanda D Murray on behalf of Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, In
ecfflsb@aldridgepite.com, WMurray@ecf.courtdrive.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

Barbara L Phillips on behalf of Creditor Keys Energy Services
bphillipspa@bellsouth.net, bplegal@bellsouth.net;L.BR76644@notify.bestcase.com

Steven G. Powrozek, Esq. on behalf of Creditor U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust
spowrozek@logs.com, LOGSECF@logs.com

Anila Rasul on behalf of Creditor US Bank National Association
arasul@shdlegalgroup.com, southerndistrict@shdlegalgroup.com

Ariel Rodriguez on behalf of U.S. Trustee Office of the US Trustee
ariel.rodriguez@usdoj.gov

Ariel Sagre on behalf of Debtor Sam G. Dickson
law@sagrelawfirm.com

Ariel Sagre on behalf of Interested Party Hickory Hill 1185 LLC
law@sagrelawfirm.com

Michael D. Seese, Esq. on behalf of Debtor Hickory Hill 1185 LLC
mseese@seeselaw.com, sseward@seeselaw.com

Steven E Seward on behalf of Interested Party Hickory Hill 1185 LLC
steven.seward@gmail.com

Steve D Tran on behalf of Creditor Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not Individually but as Trustee for Ventures Trust 2013-I-H-R, A Delaware Trust
bk@exllegal.com

Barry Seth Turner, Esq. on behalf of Creditor Guaranty Bank
bt@bstpa.com, bstpalaw@gmail.com

Madison C Wilson on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE NRZ PASS-THROUGH TRUST X
mwilson@rasflaw.com, mwilson@rasflaw.com

**RESPECTFULLY SUBMITTED**,

SAGRE LAW FIRM, P.A.
*Counsel for Debtors*
5201 Blue Lagoon Drive, Suite 892
Miami, Florida  33126

Tel.: (305) 266-5999
Fax.: (305) 265-6223
law@sagrelawfirm.com

By: /s/ Ariel Sagre
ARIEL SAGRE, ESQ.
FLA. BAR. NO.: 557477

## **SCHEDULE A**

## **DEFINITIONS**

A. "Debtor" means Sam G. Dickson and/or Hickory Hill 1185, LLC.

B. "You," "Your" or "Creditor" means Select Portfolio Servicing, Inc. and/or all prior servicers and/or all current servicers and/or all prior owners and/or all current owners of the debt.

C. "This case" means the above-styled bankruptcy case no. 14-29781-LMI.

D. "Evidence," "refer," or "relate" means and includes supporting, showing, or being legally or logically connected with a matter in any way, including the document referred to.

E. "Document" is synonymous in meaning and equal in scope to the usage of this term as described in Fed. R. Bankr. P. 34. Document includes electronically recorded information.

F. "Communication," means the transmission, sending and/or receipt of information of any kind by and/or through any means, including without limitation, speech, writings, language, computer or electronics of any kind, magnetic tape, video tape, photographs, graphs, symbols, signs, magnetic disks, sound radio and/or video signal, telephone, teletype, telecommunication, telegram, microfilm, microfiche, photographic film of any type and/or other media of any kind.

G. "Property" means real property located at 1124 1126 Margaret Street, Key West, Florida 33040.

H.  "Plan" means the FIRST AMENDED CHAPTER 11 PLAN at ECF no. 222 confirmed by the Court pursuant to FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATIONECF at No. 312.

## INSTRUCTIONS

A.  You are requested to produce all Documents within Your possession, custody or control, whether held by You or by Your agents.

B.  A request to produce a Document includes all drafts and non-identical copies of such document.

C.  These discovery requests are subject to the requirements set forth in Fed. R. Civ. P. 26.

D.  The Interrogatories are subject to the requirements set forth in Fed. R. Civ. P. 33.

E.  The Requests for Production are subject to the requirements set forth in Fed. R. Civ. P. 34.

F.  The Requests for Admission are subject to the requirements set forth in Fed. R. Civ. P. 36.

## SCHEDULE B
## INTERROGATORIES

1. Identify each and every person answering or contributing information to the answers to these interrogatories and identify the particular matter to which each person responded or contributed.

**ANSWER:**

2. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 4/1/2016 to 12/31/2016:

**ANSWER:**

3. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 4/1/2016 to 12/31/2016:

**ANSWER:**

4. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2017 to 12/31/2017:

**ANSWER:**

5. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2017 to 12/31/2017:

**ANSWER:**

6. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2018 to 12/31/2018:

**ANSWER:**

7. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2018 to 12/31/2018:

    **ANSWER:**

8. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2019 to 12/31/2019:

    **ANSWER:**

9. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2019 to 12/31/2019:

    **ANSWER:**

10. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2020 to 12/31/2020:

**ANSWER:**

11. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2021 to 12/31/2021:

**ANSWER:**

12. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2021 to 12/31/2021:

**ANSWER:**

13. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2021 to 12/31/2021:

**ANSWER:**

14. Describe with specificity what "total fees and charges" consist of as listed on all mortgage statements from 1/1/2022 to 12/31/2022:

**ANSWER:**

15. Describe with specificity the legal basis allowing for "total fees and charges" as listed on all mortgage statements from 1/1/2022 to 12/31/2022:

**ANSWER:**

16. As to all requests by the Debtor submitted to the Creditor for information concerning the "total fees and charges" state:

a. The date on which the Creditor received the request.

b. Whether the request was sent by the Debtor or by counsel for the Debtor

c. The means by which the request was sent, i.e. by email, letter or other means of submission.

d. Identify the persons acting on the Creditor's behalf who in any way were involved in acting on the request.

e. Identify any internal document or communication among the Creditor's employees concerning the "total fees and charges."

**ANSWER:**

17. What is the total amount of payments for "total fees and charges" received by the Creditor during the entire history of the loan since the Court's approval of the Debtor's plan?

**ANSWER:**

18.     Do you contend that the Creditor's actions in charging, insisting on payment and receiving and retaining the "total fees and charges" were not actions in contempt of the Court's order approving the Debtor's plan?

**ANSWER:**

19.     If the response to Interrogatory #18, immediately above, is that the Creditor's actions have <u>not</u> been taken in contempt of the Court, set out each fact upon which the Creditor claims supports its contention of not having acted in contempt of the Court and identify each document and witness with knowledge of such fact.

**ANSWER:**

## VERIFICATION FOR INTERROGATORIES

BEFORE ME this day personally appeared _____ who, being first duly affirms, deposes and says that the answers to the foregoing Interrogatories are true and correct to the best of his/her knowledge and belief.

    Signature on behalf Creditor _____
    Printed Name of Authorize Representative   _____
    Title of Authorized Representative_____
    Business Address _____
    Date _____

STATE OF _____

COUNTY OF _____

  The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization, this _____ (date) by _____ as _____, _____, on behalf of the company. He/she is personally known to me or has produced _____ (type of identification) as identification.

    _____
    Notary Public
    My commission expires:

## SCHEDULE C

## REQUESTS FOR PRODUCTION

1.   Debtor requests that Creditor produce and permit Debtor to inspect and copy any and all communications and Documents, including electronically stored information, that evidence, refer or relate to the following:

   A.   A copy of all mortgage statements sent to the Debtor from 4/1/2016 through 12/31/2016.

   B.   A copy of all mortgage statements sent to the Debtor from 1/1/2017 through 12/31/2017.

   C.   A copy of all mortgage statements sent to the Debtor from 1/1/2018 through 12/31/2018.

   D.   A copy of all mortgage statements sent to the Debtor from 1/1/2019 through 12/31/2019.

   E.   A copy of all mortgage statements sent to the Debtor from 1/1/2020 through 12/31/2020.

   F.   A copy of all mortgage statements sent to the Debtor from 1/1/2021 through 12/31/2021.

   G.   A copy of all mortgage statements sent to the Debtor from 1/1/2022 through 12/31/2022.

   H. Copies of all inquiries and communications received by the Creditor from the Debtor and his counsel.

I. Copies of all internal memoranda, emails or other communications between all employees, agents and officers of the Creditor concerning the inquiries received by the Creditor from the Debtor and his counsel concerning the "total fees and charges."

J. Copies of all replies from the Creditor, its employees, agents, officers and counsel to the Debtor and his counsel concerning the "total fees and charges."

## SCHEDULE D

## REQUESTS FOR ADMISSION

Debtor asks You to admit, for purposes of this case only and subject to objections to admissibility at trial:

1. The truth of each of the following statements:

   A. The Debtor was charged attorney's fees by Creditor in 2016.

   B. The Debtor was charged attorney's fees by Creditor in 2017.

   C. The Debtor was charged attorney's fees by Creditor in 2018.

   D. The Debtor was charged attorney's fees by Creditor in 2019.

   E. The Debtor was charged attorney's fees by Creditor in 2020.

   F. The Debtor was charged attorney's fees by Creditor in 2021.

   G. The Debtor was charged attorney's fees by Creditor in 2022.

   H. The Debtor incurred charges by Creditor in 2016.

   I. The Debtor incurred charges by Creditor in 2017.

   J. The Debtor incurred charges by Creditor in 2018.

   K. The Debtor incurred charges by Creditor in 2019.

   L. The Debtor incurred charges by Creditor in 2020.

   M. The Debtor incurred charges by Creditor in 2021.

   N. The Debtor incurred charges by Creditor in 2022.

   O. That the Debtor's Plan approved by the Court in this action never authorized the Creditor to charge the Debtor for attorney's fees.

   P. That the Debtor's Plan approved by the Court in this action never

        authorized the Creditor to charge the "total fees and charges" to the Debtor.

Q.      That the Creditor's actions in charging the "total fees and charges" was taken in violation of the Plan approved by the Court.

R.      That by charging the "total fees and charges" the Creditor has acted in contempt of the Court's order approving the Debtor's Plan.

S.      That the contemptuous actions of the Creditor in imposing the "total fees and charges" on the Debtor imposed financial and psychological stress on the Debtor.