UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA – MIAMI DIVISION

CASE NO. 14-29781-LMI
CHAPTER 11

IN RE:

**SAM DICKSON,**

     **Debtor**
_____/

**SELECT PORTFOLIO SERVICING, INC'S MOTION TO EXTEND THE TIME TO RESPOND TO DEBTOR'S FIRST SET OF INTERROGATORIES, FIRST REQUEST FOR PRODUCTION AND FIRST REQUESTS FOR ADMISSION TO CREDITOR**

Select Portfolio Servicing Inc files this it's Motion to Extend Time to file its response to Sam G. Dickson's First Set of Interrogatories, First Requests for Production and First Requests for Admissions, to Select Portfolio Servicing (DE-479) and as grounds therefore shows as follows:

1. On September 2, 2014, (the "Petition Date"), Sam G. Dickson., (the "Debtor") filed a petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. On March 7, 2016, Debtor's Plan Of Reorganization (DE-222) the, "Plan" was confirmed. See, Confirmation Order (DE-312) hereinafter, the "Plan".

3. On January 12, 2023, Debtor, through counsel, filed his First Set of Interrogatories, Request for Production and Request for Admission (hereinafter the, "Discovery Requests") to Creditor (Docket No. 479) directed to "Creditor Select Portfolio Servicing, Inc".

4. Under Schedule "A" of the Discovery Requests the terms "You", "Your" or "Creditor" means Select Portfolio Servicing, Inc. and/or all prior servicers and/ or all prior owners and/or all current owners of the debt. The "debt" is not a defined term under the Discovery Requests.

5. Select Portfolio Servicing, Inc., ("SPS") has not appeared in its own capacity as a "Creditor" is this Chapter 11 proceeding, but does act as a loan servicer for U.S. Bank Trust National Association Trustee for GIFM Holdings Trust, ("U.S. Bank"), with respect to the loan treated in Class 8 of the Debtor's confirmed Plan with respect to the mortgage on Debtor's property at 1124-1126 Margaret Street, Key West, Florida. U.S. Bank was not the Creditor when the Plan was confirmed or when the post confirmation proof of claim was filed for Creditor Wilmington Savings Fund Society FSB etc., while serviced by Fay Servicing, LLC.

6. SPS seeks an extension of time to file a response to the Discovery Requests by which Debtor is seeking 7 years worth of statements including documents, information and admissions from several prior loan servicers that serviced the loan in question, post confirmation, before SPS became the servicer. The effort has been undertaken to locate and retrieve the requested documents the process of going through the large volume of stored documents (to the extent they are available) it is extremely to find specific notices and extremely time consuming. Notwithstanding this effort, in a good faith undertaking to work with the Debtor and his counsel, it appears that not all of the requested documents and information requested is in the custody or control of SPS and accordingly, this motion should alternatively be considered to be a Motion For Protective Order to the extent, the requests seek discovery of documents or information not within the control or custody of SPS. *See,* Fed. R. Bankr. Proc. 7034(a)(1).

7. This Motion is filed in good faith and not for the purpose of delay. To facilitate (and in an effort to limit the scope of the requested discovery) counsel for SPS has made inquiry on Debtor's counsel as to specific incidents which give the Debtor's and Debtor's counsel a belief that Debtor has been improperly charged by the current or predecessor mortgage servicers. In discussions about the issue, Debtor's counsel explained that monthly statements previously sent to Debtor were with Debtor's *prior* counsel, but now unavailable for review.

8. In a conversation with Debtor's counsel requesting additional time to respond to the Discovery Requests, Debtor's counsel expressed a willingness to extend the due date for all discovery for an additional 30 days from the current due date, but no further. Because documentation requested includes documents and information from prior servicers, it may be impossible for SPS to produce all requested documentation, if the prior servicers did not provide same to SPS, making an absolute bar date problematic. When Debtor's counsel was advised of this, he suggested that a motion be filed to address these concerns.

**WHEREFORE**, Secured Creditor respectfully requests that this Court enter an Order allowing an extension to file a response to the first set of discovery propounded by the Debtor inclusive of Interrogatories, Request for Production and Request for Admissions and for such other and further relief as this Court deems just and proper including treatment of this Motion as a Motion For Protective Order extending deadline and limiting the scope of Discovery Requests.

**I HEREBY CERTIFY** that prior to filing this Motion (and as noted above) I have conferred with Debtor's counsel in a good faith effort to resolve the issues raised and relief requested but was unable to do so.

**I ALSO CERTIFY** that a true and correct copy of the Motion to Extend the Time Period Within Which to Respond to Discovery was delivered to the addresses on the attached mailing list by First Class U.S. mail postage pre-paid, and/or by Electronic Filing this 9th day of February, 2023.

Respectfully Submitted,
**Kahane & Associates, P.A.**
1619 NW 136th Ave., Suite D-220
Sunrise, Florida 33323
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380
By:

_____
Gregg S. Ahrens, Esq., Fla. Bar No.: 352837

**Mailing List**

Sam Dickson c/o
Ariel Sagre, Esq.
Email: law@sagrelawfirm.com
5201 Blue Lagoon Dr. Suite 892
Miami, FL. 33126
518 - 522 Rear Margaret Street, Apt #2
Key West, Florida 33040

Seese, P.A
Email: mseese@seeselaw,com
Michael D. Seese, Esq.
Attorney for Debtor(s)
101 Ne 3Rd Avenue, Suite 1270
Fort Lauderdale Florida 33301

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL  33130

**Ariel Rodriguez**
Email: ariel.rodriguez@usdoj.gov
Office of the US Trustee
51 SW 1 Ave #1204
Miami, FL 33130