IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | |
| SAM G. DICKSON, | Chapter 11 Proceeding |
| Debtor. | Case No. 14-29781-LMI |
| SAM G. DICKSON, | *(jointly administered)* |
| Plaintiff, | |
| | Adversary Proceeding |
| vs. | |
| | No. |
| U.S. BANK TRUST, N.A., | |
| CITIBANK, N.A., | |
| TRUSTEE FOR CMLTI ASSET TRUST, | |
| FAY SERVICING, LLC, and | |
| RUSHMORE LOAN MANAGEMENT SERVICES, | |
| | |
| Defendants. | |

========================================================

**COMPLAINT TO DETERMINE SECURED STATUS
PURSUANT TO 11 USC § 506**

COMES NOW THE DEBTOR, Sam G. Dickson, and states this to be his Complaint against Defendants U.S. Bank Trust, N.A., Citibank, N.A., Fay Servicing, LLC, and Rushmore Loan Management Services, pursuant to 11 USC § 506, showing the Court as follows:

1.  The Debtor filed the instant Chapter 11 Proceeding in this court on 2 September 2014. The Debtor's consolidated Plan (hereinafter "the Plan" was confirmed by this court on 7 March 2016. The Plan administers the mortgage debt against the Debtor's property at 518 Margaret Street, Key West, Florida ("the property"), in Class 3, § 4.03. The property remains property of the estate, such that jurisdiction and venue are proper in this court and this complaint is a core proceeding pursuant to 28 USC § 157.

2.  The mortgage against the property was held by U.S. Bank, N.A., as trustee for Truman 2012 SC2 Title Trust. Proof of Claim no. 3-1. This claim was transferred to

Citibank Mortgage Loan Trust, as trustee for CMLTI Asset Trust, and by the same document servicing for this claim was transferred to Fay Servicing, LLC.  Doc. 423.  Servicing of this mortgage debt was then transferred to Rushmore Loan Management Services.  Doc. 511.

3. The Debtor has repaid this mortgage debt in accord with the confirmed Plan, and remains current on that payment.  Despite being current on the debt, the servicers billed the Debtor for FEES AND CHARGES on their monthly billing statements to the Debtor, without explanation or information as to the nature of the charges.

4. The Debtor inquired of the servicers as to the nature of these FEES AND CHARGES being charged against the mortgage account, but no explanation was provided.

5. The Debtor then served the servicers with interrogatories, seeking an explanation of the FEES AND CHARGES, but again, no explanation was forthcoming.

6. To this date, the Debtor has not received any explanation as to the legitimacy of the FEES AND CHARGES being added to the mortgage account against the property.

7. Neither the Debtor's Plan nor the bankruptcy code allow for fees or charges against any debt being repaid through the Plan, unless awarded by the court after motion and order.  No such motion or order has been pursued by or awarded to the Defendants.

8. Any and all such fees and charges currently being charged by the Defendants on this account should be reversed, and the proper amount due under the mortgage against the property adjusted accordingly.

9. The Defendants should be ordered to pay the attorneys' fees for the Debtor for the necessity of having to promulgate discovery, and ultimately to file and pursue this adversary proceeding, for these unnecessary, unexplained, unauthorized, and superfluous charges against the Debtors' mortgage against the property.

WHEREFORE THE DEBTORS PRAY that the Court:

A. find that the complained-of FEES AND CHARGES are not authorized by the Debtor's Confirmed Chapter 11 Plan or by the United States Bankruptcy Code and are therefore NULL AND VOID;
B. that the court order the servicer(s) and/or the mortgagee to reverse and rescind all such charges against the account;
C. that the court enter an order awarding attorneys fees to the Debtor for all efforts required to bring this matter before the court; and
D. for such other and further relief as the court shall deem appropriate under the circumstances.

Respectfully submitted, 22 October 2024.


/s/ Allen P. Turnage
Allen P. Turnage
PO Box 15219
Tallahassee FL  32317
(850) 224-3231 voice
(850) 224-2535 fax
Florida Bar no. 993085